DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PROGRESSIVE SELECT INSURANCE COMPANY** f/k/a
**PROGRESSIVE AUTO PRO INSURANCE COMPANY,**
Appellant,

v.

**JANELLE OBER,**
Appellee.

No. 4D22-1134

[January 18, 2023]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE09-003236.

Kristen M. Fiore of Akerman LLP, Tallahassee, and Antonio D. Morin and Gary J. Guzzi of Akerman LLP, Miami, for appellant.

Kenneth D. Cooper, Fort Lauderdale, for appellee.

MAY, J.

An insurer appeals a non-final order granting the insured's motion for leave to add a punitive damage claim. The insurer argues the trial court erred in allowing the insured to plead a punitive damage claim because she failed to provide a reasonable basis to find the insurer's acts "occur[ed] with such frequency as to indicate a general business practice" and were willful, wanton, and malicious and in reckless disregard of the insured's rights. We agree and reverse.

The underlying case arose from the purchase of auto insurance. The insured contacted the insurer over the phone to purchase auto insurance coverage. During the call, the insured declined uninsured motorist ("UM") coverage. The insurer told the insured that she would need to sign a rejection form. Days after purchasing the policy, but before the insured received the rejection form, the insured was involved in an accident.

Nearly a month after the policy was purchased, the insurer mailed the insured a letter stating because she did not select UM coverage, she must

fill out and return the included "Uninsured Motorist Coverage Selection/Rejection" form. The letter contained the following warning: "If you do not return the form in it's [sic] entirety or we are unable to match it to your policy, UM coverage will be added to your policy."

The insured sued the insurer, seeking a declaration that she had UM coverage for the accident. The jury found in favor of the insured because the insurer failed to obtain a written rejection. The trial court entered a partial final judgment for the insured. The insurer appealed.

In that appeal, the insurer argued section 627.727, Florida Statutes (2009), did not prohibit verbal waivers of UM coverage and the insured knowingly and verbally rejected UM coverage over the phone. We affirmed the partial final judgment. *Progressive Select Ins. Co. v. Ober*, 189 So. 3d 789 (table) (Fla. 4th DCA 2016).

The insured then filed a fourth amended complaint. This complaint asserted a single bad faith claim based on the insurer's denial of coverage due to an alleged verbal waiver. The insured also moved for punitive damages, later filing a renewed motion for leave to add a punitive damage claim.

In the latter motion, the insured argued there was a sufficient "proffer of evidence to allow the jury to consider punitive damages." Relying on the insurer's letter, the insured argued UM coverage would automatically be added to the policy if a written rejection was not received. The insured also argued the insurer had a regular business practice of issuing policies without a written rejection in violation of section 627.727.

The insurer filed an amended memorandum of law in opposition, arguing the insured's proffer was insufficient. Specifically, the insurer argued the insured sought to allege a punitive damage claim as part of her bad faith action under section 624.155, Florida Statutes (2009). But the evidence failed to show the insurer's acts were frequent enough to be considered a business practice, and that those acts were willful, wanton, malicious, or done in reckless disregard of the insured's rights.

The trial court held a hearing and found there was a basis for punitive damages and issued a generic order granting the motion. The insurer now appeals.

We review de novo the trial court's decision on a motion for leave to amend a complaint to add a punitive damage claim. *Bistline v. Rogers*,

215 So. 3d 607, 610 (Fla. 4th DCA 2017) (citing *Holmes v. Bridgestone/Firestone, Inc.,* 891 So. 2d 1188, 1191 (Fla. 4th DCA 2005)).

Section 768.72(1), Florida Statutes (2009), provides "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." *See also* Fla. R. Civ. P. 1.190(f); *Naso v. Hall,* 338 So. 3d 283, 288-89 (Fla. 4th DCA 2022). "Punitive damage amendments are different than traditional amendments in that section 768.72 has created a substantive legal right not to be subject to a punitive damage claim until the trial court rules that there is a reasonable evidentiary basis for punitive damages." *Holmes*, 891 So. 2d at 1191 (citation omitted).

Here, the insured conflates the standards for bad faith and punitive damages. Those standards are not one and the same.

To establish a bad faith claim under section 624.155, the insured must prove the insurer committed one of the enumerated acts:

> 1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests;
>
> 2. Making claims payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which payments are being made; or
>
> 3. Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.
>
> Notwithstanding the provisions of the above to the contrary, a person pursuing a remedy under this section need not prove that such act was committed or performed with such frequency as to indicate a general business practice.

§ 624.155(1)(b), Fla. Stat. (2005).

But to allow a punitive damage claim to be pled, the insured must also provide a reasonable basis for recovery of such damages by showing that:

3

the violation occur[ed] with such frequency as to indicate a general business practice **and** these acts are:

(a) Willful, wanton, and malicious;

(b) In reckless disregard for the rights of any insured; or

(c) In reckless disregard for the rights of a beneficiary under a life insurance contract.

§ 624.155(5), Fla. Stat. (2005) (emphasis added).

Here, the insured may have "alleged" a bad faith claim under section 624.155. But the insurer argues, and we agree, the insured failed to proffer sufficient evidence as to provide a reasonable basis for recovery of punitive damages.

The insured failed to proffer or show the insurer engaged in the acts giving rise to the bad faith claim "with such frequency as to constitute a general business practice." § 624.155(5), Fla. Stat. (2009). Specifically, the insured did not demonstrate the insurer violated Florida law in accepting verbal rejections at the time the policy issued. Nor did the insured proffer evidence that policies identified in the insurer's Declaration involved similar circumstances so as to constitute a business practice.[1] *See Sandpiper Isle Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, Case No: 2:21-cv-105-JLB-MRM, 2022 WL 2316999, at *2 (M.D. Fla. June 28, 2022).

Further, the insured had no proof the insurer's acts were "[w]illful, wanton, and malicious" or "[i]n reckless disregard for the rights of any insured." *See* § 624.155(5)(a), (b), Fla. Stat. (2009). In fact, the insurer's

---

[1] The insured relied on a Declaration filed in support of the insurer's removal of a class action to federal court. The Declaration explained the insurer had located approximately 3,000 policies where an insured had:

(1) purchased a policy over the phone;
(2) verbally rejected UM coverage;
(3) the insured failed to electronically sign a UM selection/rejection form; and
(4) the insurer requested the insured sign and return a UM selection/rejection form.

The Declaration did not attest whether the insurer ever obtained a written rejection or whether the insurer had denied coverage under any of those policies.

4

position was that Florida law permitted verbal rejections.

We therefore reverse and remand the case to the trial court to strike the punitive damage claim.

*Reversed and remanded.*

DAMOORGIAN and GERBER, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***