678 So.2d 472 (1996)
Luther D. POTTER, Petitioner,
v.
S.A.K. DEVELOPMENT CORPORATION, et al., Respondents.
No. 96-1246.
District Court of Appeal of Florida, Fifth District.
August 16, 1996.
Sidney L. Vihlen, III and Paul M. Sills, of Law Offices of Sidney L. Vihlen, III, P.A., Longwood, for Petitioner.
Robert B. Worman, of Law Offices of Robert B. Worman, Orlando, for Respondents.
GRIFFIN, Judge.
Petitioner, Luther D. Potter ["Potter"], seeks certiorari review of a discovery order of the lower court requiring Potter to produce tax returns and financial statements in support of a punitive damage claim contained in a complaint filed by respondent Tucker/S.A.K. Home Partnership. We agree with Potter that the required procedure was not followed in order to obtain discovery in support of the punitive damage claim and, accordingly, grant the petition for certiorari.
It is not necessary to recount the underlying factual basis for the respondents' claim of fraud, which is the basis of the punitive damage claim. The issue here is principally procedural. Contained within the complaint is a claim for fraud that apparently[1] has survived a partial summary judgment previously entered by the lower court in favor of Potter. After the summary judgment hearing, respondents moved for discovery of Potter's financial worth. Potter objected, saying that the respondents had not complied with *473 the procedural requirements of section 768.72, Florida Statutes (1995), which has recently been explained by the Florida Supreme Court in Simeon, Inc. v. Cox, 671 So.2d 158 (Fla.1996). In essence, what the statute requires is that a plaintiff who has pleaded punitive damages must offer a reasonable evidentiary basis for punitive damages and obtain an order authorizing the maintenance of the punitive damage claim as a predicate to conducting discovery of a defendant's financial worth.
Respondents urge that the lower court's partial denial of Potter's motion for summary judgment on the claim for fraud is the functional equivalent of a determination by the court that there is a reasonable evidentiary basis for punitive damages contained in the record. This, in turn, presumably is bottomed on the notion that because a judgment for the tort of fraud will always support a judgment for punitive damages, if the court has determined that there is a material issue of fact concerning a defendant's fraud, then, ipso facto, a reasonable evidentiary basis for punitive damages has also been shown. We cannot agree that a finding by the trial court that a defendant has failed to establish that there is no material issue of fact concerning whether he perpetrated a fraud is the equivalent of the plaintiff establishing a reasonable evidentiary basis for punitive damages.
This case illustrates the sort of confusion that can result when the statutory procedure is not complied with. Before a defendant may be subjected to financial worth discovery and required to defend a punitive damage claim, the statute requires that the plaintiff provide the court with a reasonable evidentiary basis for punitive damages. This procedure needs to be followed exactly as required by statute, using the standards set forth in the statute. Accordingly, we quash the order compelling discovery of the petitioner's financial worth because it is not predicated on an appropriate motion filed, evidentiary basis established, and order entered.[2]
WRIT GRANTED.
W. SHARP, and ANTOON, JJ., concur.
NOTES
[1] The lower court's April 17, 1996 order is unclear.
[2] Although the limited record we have in connection with this petition for writ of certiorari does not allow us confidently to evaluate the existence vel non of a sustainable claim of fraud in this case, we observe that the fraud claim in this case is unusual in several respects and we urge the lower court and the litigants to air this issue on remand, rather than simply attempting to fill a procedural gap. The purpose of the statutory procedure is to avoid waste of limited judicial resources as well as the litigants' resources.