ORFINGER, J.
Mariann Lindsay, Personal Representative of the Estate of Walter Edward Es-terline, seeks certiorari review of an order denying her motion to amend her complaint to add a claim for punitive damages. We deny the petition.
Lindsay filed suit against Avante At Leesburg, Inc. and AG Holdings, Inc. (collectively “Avante”), the operators of a nursing home where Walter Esterline resided, asserting claims for (1) the alleged deprivations or infringements of Ester-line’s rights under Chapter 400, Florida Statutes, (2) negligence, and (3) wrongful death. Each claim alleged that Avante failed to provide adequate and appropriate health care to Esterline while he was a resident. After significant discovery, Lindsay filed a motion, later amended, pursuant to section 768.72, Florida Statutes (1999), seeking to assert a claim for punitive damages against Avante. The trial court denied Lindsay’s motion concluding that no evidentiary basis existed to support a claim for punitive damages.
We deny the petition because Lindsay has an adequate remedy on appeal at the conclusion of the case. We conclude that certiorari review is not available to a plaintiff where, as here, the trial court has denied the plaintiffs claim for punitive damages, provided that the court has complied with the procedural requirements of section 768.72. As the court said in Sloan v. Toler, 778 So.2d 1094 (Fla. 3d DCA 2001):
[Section 768.72] creates for defendants “a substantive legal right not to be sub *1030 ject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages.” Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995). If the defendant is wrongfully subjected to discovery of otherwise confidential financial information, the cat is out of the bag and appeal at the conclusion of the case will not provide an adequate remedy. Id. at 520 (“a plenary appeal cannot restore a defendant’s statutory right under section 768.72 to be free of punitive damages allegations in a complaint until there is a reasonable showing by evidence in the record or proffered by the claimant.”). A plaintiff, by contrast, does not have a corresponding right to certiorari review in this context. If the trial court erroneously strikes the plaintiffs punitive damages claim on account of section 768.72, the trial court’s ruling does not result in the disclosure of any protected confidential information. If the trial court erroneously prohibits a punitive damages claim, the plaintiff may obtain relief by way of appeal at the conclusion of the case.
Id. at 1095 (citation omitted).
We also conclude that the trial court’s order does not depart from the essential requirements of law. The trial court followed the procedural requirements of section 768.72. That statute expressly permits the court to determine if a plaintiff has made a “reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery” of punitive damages. § 768.72(1), Fla. Stat. (1999). That is precisely what the trial court did here. See Munroe Reg’l Health Sys., Inc. v. Estate of Gonzales, 795 So.2d 1133 (Fla. 5th DCA 2001).
For the stated reasons, certiorari is denied.
CERTIORARI DENIED.
MONACO and TORPY, JJ., concur.