PER CURIAM.
Petitioners seek certiorari review of an order of the circuit court denying their motion seeking leave to amend their complaint to plead a prayer for punitive damages in connection with their fraud claim. Pursuant to Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995), certiorari will lie to inquire into the question of whether the trial court followed the procedural requirements of section 768.72, Florida Statutes, in disposing of petitioners’ motion, but it may not serve as a vehicle to review the sufficiency of the evidence supporting the trial court’s decision that a reasonable basis for the recovery of punitive damages had not been shown. Petitioners, however, make no claim that the procedural requirements of section 768.72 were not followed, and in any event, certio-rari is not available to review the denial of a motion to add a claim for punitive damages because an adequate remedy exists by way of appeal. See Estate of Esterline v. Avante at Leesburg, Inc., 845 So.2d 1028 (Fla. 5th DCA 2003); Sloan v. Toler, 778 So.2d 1094 (Fla. 3d DCA 2001).
Alternatively, petitioners seek mandamus relief to compel the trial court to grant their motion, asserting that its ruling is contrary to the law of the case as established in an earlier appeal in this matter. However, because an adequate remedy can be afforded on plenary appeal if the trial court did indeed err, mandamus relief is likewise unwarranted. See Wuesthoff Memorial Hospital, Inc. v. Florida Elections Commission, 795 So.2d 179 (Fla. 1st DCA 2001). Moreover, our conclusion in Noack v. Blue Cross and Blue Shield of Florida, Inc., 859 So.2d 608 (Fla. 1st DCA 2003), that sufficient issues of material fact existed to preclude summary judgment on petitioners’ fraud claim does not establish the law of the case concerning punitive damages, since that issue was neither expressly nor impliedly resolved in our prior decision. See Florida Department of Transportation v. Juliano, 801 So.2d 101 (Fla.2001). The conventional analysis utilized in resolving a summary judgment motion has no application in the context of a punitive damages determination under section 768.72. See Will v. Systems Engineering Consultants, Inc., 554 So.2d 591 (Fla. 3d DCA 1989). Whether the entitlement to plead a claim for punitive damages has been established must be determined *372 under the procedure and standards set forth in the statute, and our finding in the earlier appeal that respondents failed to establish that there is no material issue of disputed fact concerning the fraud claim is not the equivalent of petitioners establishing a reasonable evidentiary basis for punitive damages. See Potter v. S.A.K. Development Corporation, 678 So.2d 472 (Fla. 5th DCA 1996).
For the foregoing reasons, the petition for writ of certiorari or, alternatively, for writ of mandamus is DENIED.
KAHN, BENTON and VAN NORTWICK, JJ., concur.