987 So.2d 706 (2008)
IMPERIAL MAJESTY CRUISE LINE, LLC and Arthur M. Pollack, individually, Appellants,
v.
WEITNAUER DUTY FREE, INC. f/k/a Sunset Duty Free, Inc., Appellee.
No. 4D07-1735.
District Court of Appeal of Florida, Fourth District.
June 11, 2008.
Rehearing Denied August 25, 2008.
*707 Richard W. Epstein and Evan B. Klinek of Greenspoon Marder, P.A., Fort Lauderdale and Victor Kline of Greenspoon Marder, P.A., Orlando, for appellants.
Edward M. Joffe and Michelle Stopka of Sandler, Travis & Rosenberg, P.A., Miami, for appellee.
STONE, J.
Imperial Majesty Cruise Line, LLC and Arthur Pollack (collectively "Imperial") appeal the amended final judgment on a tortious interference claim in favor of the plaintiff, Weitnauer Duty Free, Inc. (WDF). Imperial asserts that the trial court erred in entering a judgment for WDF where it failed to prove actual damages, and then erred in awarding punitive damages. We agree and remand for judgment in favor of Imperial.
WDF had a contract with Broward County to operate a duty-free shop for cruise passengers in Port Everglades. Sailing from Port Everglades, Imperial's ship also had a duty-free gift shop onboard. Imperial objected to WDF selling duty-free goods to Imperial's passengers who were subsequently not purchasing duty-free goods on board. Initially, Imperial requested WDF to pay it a forty percent commission. When WDF refused, Imperial precluded WDF from delivering the duty-free goods to its ship or from allowing its customers to shop at WDF. Ultimately, the county terminated its contract with WDF, and WDF brought a claim for tortious interference with a contract or business relation against Imperial. WDF sought lost profits as damages for Imperial's alleged tortious interference.
Following the bench trial the trial court found that WDF failed to meet its burden of proving actual damages because it presented insufficient evidence on that issue. "Plaintiff's damages models simply do not provide a reasonable basis for calculating damages," the court explained. Nonetheless, the court awarded WDF nominal damages of $1,000, and then punitive damages of $750,000.
To establish a prima facie case of tortious interference with a business relationship, the plaintiff must show four elements:
the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.
Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla.1985); see also Worldwide Primates, Inc. v. McGreal, 26 F.3d 1089, 1092 (11th Cir.1994) ("[P]roof of damages [i]s an essential element of a tortious interference claim.").
This court reviews a punitive damage award de novo. See State Farm Mut. Auto. Ins. v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).
[C]ourts reviewing punitive damages [are] to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.
*708 Id. Notably, the Court emphasized that the "most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendants' conduct." Id. (internal quotation omitted).
Specifically addressing a punitive damage award in a tortious interference with a business relationship case, this court, in Hospital Corp. of Lake Worth v. Romaguera, 511 So.2d 559, 561 (Fla. 4th DCA 1986), explained that: "the two most important criteria are: 1. Whether the interference was justified. 2. The nature, extent and enormity of the wrong."
On rehearing, Romaguera read Florida Supreme Court's precedent to hold that "the culpable behavior required to express society's collective outrage consists of a reckless disregard for human life equivalent of manslaughter." Id. at 564-65 ("Obviously, intentional interference with a business relationship and culpable behavior tantamount to manslaughter are not synonymous.") (internal quotation and citations omitted). In other words, "[a]s the Supreme Court has also expressed it, in order to sustain a claim for punitive damages, the tort must be committed in an outrageous manner or with fraud, malice, wantonness or oppression." Id. at 565 (internal quotation and citation omitted).
In Air Ambulance Professionals, Inc. v. Thin Air, 809 So.2d 28, 30 (Fla. 4th DCA 2002), this court recognized that the elements of a tortious interference may be established under circumstances that do not justify an award of punitive damages.
Here, Imperial essentially sought to preclude competition in the sale of duty-free goods. To that end, Imperial barricaded and prevented its passengers from shopping at WDF's store. The trial court found that Imperial's "actions were calculated, predatory, and excessive"; however, such conduct fails to rise to the degree of reprehensibility required for a punitive damages award. Although Imperial's interference was not justified, the nature, extent, and enormity of the wrong warrant against punitive damages. See Romaguera, 511 So.2d at 559. Imperial's conduct did not rise to truly culpable behavior, for which damages are tenable to "express society's collective outrage." Id. at 565. Finding Imperial's conduct not sufficiently egregious, we reverse the punitive damages award.
We further reverse as to the nominal damages award because proof of actual damages is an element of a cause of action for tortious interference, and, as the trial court found, WDF failed to prove actual damages. See AlphaMed Pharm. Corp. v. Arriva Pharm., Inc., 432 F.Supp.2d 1319, 1352 (S.D.Fla.2006) ("Because AlphaMed was unable to prove its entitlement to lost profit damages, the only measure of damages sought, AlphaMed's claim for tortious interference fails as a matter of law."); Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc., 262 F.Supp.2d 1334, 1355-56 (S.D.Fla.1999); McGreal, 26 F.3d at 1092. In sum, we reverse and remand for judgment in favor of Imperial on WDF's tortious interference claim.
FARMER and KLEIN, JJ., concur.