DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIS GROUP, LLC, ALERION MANAGEMENT GROUP, LLC** and,
**RICARDO DEAVILA,**
Petitioners,

v.

**YVES MOQUIN,**
Respondent.

No. 4D18-1435

[January 2, 2019]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 502016CA011722XXXXMB.

Mary F. April, Peter M. Bernhardt and Courtney G. Tito of McDonald Hopkins LLC, West Palm Beach, for petitioners.

Daniel M. Samson of Samson Appellate Law, Miami, and Matthew S. Sarelson of Kaplan, Young & Moll-Parrón, Miami, for respondent.

DAMOORGIAN, J.

Petitioners KIS Group, LLC, Alerion Management Group, LLC and Ricardo DeAvila seek certiorari review of the trial court's order granting Respondent Yves Moquin's motion to amend his complaint to assert a claim for punitive damages. Because the court failed to follow the procedural requirements of section 768.72, Florida Statutes, we grant the petition.

Petitioner KIS is a company that was formed for the sole purpose of investing in KIOSK Information Systems, Inc., a company that designs and manufactures kiosk systems. Petitioner Alerion manages KIS and Petitioner DeAvila serves as a manager for Alerion. In 2010, Respondent purchased two membership units in KIS for $353,333.33. Five years later, Respondent contacted DeAvila and requested to redeem his investment in KIOSK. Before granting the request, DeAvila advised Respondent that KIOSK might be sold within the year. Respondent acknowledged the possibility of a sale but decided to nonetheless redeem his investment.

Several months after Respondent redeemed his investment, KIOSK sold for a substantial profit. Respondent thereafter sued Petitioners for, amongst other things, fraud in the inducement. The fraud claims were predicated on Respondent's belief that at the time he requested to redeem his investment, Petitioners knew that the sale of KIOSK was imminent and not merely a remote future possibility as represented by DeAvila. Respondent maintained that Petitioners intentionally withheld this information in order to fraudulently induce him to sell his units early. Petitioners moved for summary judgment and, following a hearing, the court granted partial summary judgment. The three separate fraud claims against Petitioners, however, survived.

Shortly thereafter, Respondent moved to amend his complaint to add a claim for punitive damages. At the ensuing hearing, Respondent argued that the court's previous denial of Petitioners' motion for summary judgment on the fraud claims was the functional equivalent of a determination by the court that there was a reasonable evidentiary basis for punitive damages. In support thereof, Respondent cited *First Interstate Development Corp. v. Ablanedo*, 511 So. 2d 536, 539 (Fla. 1987) for the proposition that "proof of fraud sufficient to support compensatory damages necessarily is sufficient to create a jury question regarding punitive damages." Petitioners countered that regardless of the previous ruling on the motion for summary judgment, the court was required to conduct a section 768.72 evidentiary inquiry to determine whether there was evidence in the record which would provide a reasonable basis for recovery of punitive damages.

After hearing argument from both parties, the trial court made it abundantly clear that it did not believe Respondent established a reasonable evidentiary basis for punitive damages:

> [T]he ipso facto argument that you used, while it may or may not be viable under Florida law, despite the statutory requirement of proffer of evidence, under these particular facts, I'm hard-pressed to watch a jury or allow a jury to consider [punitive damages] at the same time they're considering the underlying claim.

> Because again, these facts are not the type of egregious facts, at least not from my perspective, that we usually see to justify a claim for punitive damages. . . . These facts are just not that compelling . . . .

2

Nonetheless, believing that it was constrained by the holding in *Ablanedo,* the court granted Respondent's motion to amend. The court also abated all financial discovery so that Petitioners could either seek review of the order or file a motion for summary judgment in order to test the adequacy of the punitive damages claim. This petition follows.

"Certiorari review is available to determine whether a trial court has complied with the procedural requirements of section 768.72, but not to review the sufficiency of the evidence." *Tilton v. Wrobel*, 198 So. 3d 909, 910 (Fla. 4th DCA 2016).

Section 768.72, Florida Statutes, provides in relevant part that: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2018). In other words, "[t]he statute requires the trial court to act as a gatekeeper and precludes a claim for punitive damages where there is no reasonable evidentiary basis for recovery." *Bistline v. Rogers*, 215 So. 3d 607, 611 (Fla. 4th DCA 2017). This is because punitive damages are reserved for truly culpable behavior and are intended to "express society's collective outrage." *Imperial Majesty Cruise Line, LLC v. Weitnauer Duty Free, Inc.*, 987 So. 2d 706, 708 (Fla. 4th DCA 2008) (quoting *Hosp. Corp. of Lake Worth v. Romaguera*, 511 So. 2d 559, 565 (Fla. 4th DCA 1986)).

In the present case, it is clear that the trial court did not follow the procedural requirements of section 768.72 in ruling on Respondent's motion to amend. Nonetheless, Respondent maintains that the court did not depart from the essential requirements of the law because it applied the correct law, namely *Ablanedo.* We disagree.

A careful reading of *Ablanedo* demonstrates that the case does not stand for the proposition that a trial court's denial of a motion for *summary judgment* on a fraud claim is the functional equivalent of a determination by the court that there is a reasonable evidentiary basis for punitive damages. *Ablanedo* involved a situation where the trial court allowed the jury to consider the issue of compensatory damages on a fraud claim at the close of evidence, but at the same time entered a *directed verdict* on the punitive damages claim. 511 So. 2d at 538. Accordingly, the court's holding that "proof of fraud sufficient to support compensatory damages necessarily is sufficient to create a jury question regarding punitive damages" was made in the specific context of the sufficiency of the evidence on a motion for directed verdict. *Id.* at 539; *see also Rappaport v. Jimmy Bryan Toyota of Fort Lauderdale, Inc.*, 522 So. 2d 1005, 1006

(Fla. 4th DCA 1988). That case did not involve, as here, the issue of whether a ruling by the trial court on a motion for summary judgment that a defendant has failed to establish that there are no material issues of fact regarding a fraud claim is the functional equivalent of a plaintiff establishing, for pleading purposes, a reasonable evidentiary basis for punitive damages. *See Ameriseal of N. E. Fla., Inc. v. Leiffer*, 738 So. 2d 993, 995 (Fla. 5th DCA 1999) (recognizing that "[a]lthough similar, summary judgments and directed verdicts are *not* identical").

Moreover, even if *Ablanedo* does stand for the proposition that a trial court's denial of a motion for summary judgment on a fraud claim is the functional equivalent of a determination by the court that there is a reasonable evidentiary basis for punitive damages, the enactment of section 768.72 undercuts the scope of that ruling. Unlike consideration of a motion for summary judgment which precludes the court from weighing the evidence or reaching conclusions therefrom, section 768.72 necessarily requires the court to weigh the evidence and act as a factfinder. It is axiomatic, then, that the analysis required for a motion for summary judgment cannot be substituted for the analysis required under the statute.

The First District's holding in *Noack v. Blue Cross & Blue Shield of Florida, Inc.*, 872 So. 2d 370 (Fla. 1st DCA 2004) is instructive. In that case, the petitioners sought mandamus relief to compel the trial court to grant their motion seeking leave to amend the complaint to assert a claim for punitive damages. *Id.* at 371. The petitioners maintained that the trial court's ruling was contrary to the law of the case as established in an earlier appeal wherein the appellate court reversed an order granting the respondents' motion for summary judgment on the petitioners' fraud claim. *Id.* In rejecting the petitioners' argument, the court held that:

> The conventional analysis utilized in resolving a summary judgment motion has no application in the context of a punitive damages determination under section 768.72. Whether the entitlement to plead a claim for punitive damages has been established must be determined under the procedure and standards set forth in the statute, and our finding in the earlier appeal that respondents failed to establish that there is no material issue of disputed fact concerning the fraud claim is not the equivalent of petitioners establishing a reasonable evidentiary basis for punitive damages.

*Id.* at 371–72 (internal citation omitted).

4

In support of its holding, the *Noack* court relied on the Fifth District's decision in *Potter v. S.A.K. Development Corp.*, 678 So. 2d 472 (Fla. 5th DCA 1996). In *Potter*, the court considered, and ultimately rejected, the argument that if a trial court has determined that there is a material issue of fact on a claim for fraud, then, *ipso facto,* the procedural requirements of section 768.72 have been satisfied:

> We cannot agree that a finding by the trial court that a defendant has failed to establish that there is no material issue of fact concerning whether he perpetrated a fraud is the equivalent of the plaintiff establishing a reasonable evidentiary basis for punitive damages.

> This case illustrates the sort of confusion that can result when the statutory procedure is not complied with. Before a defendant may be subjected to financial worth discovery and required to defend a punitive damage claim, the statute requires that the plaintiff provide the court with a reasonable evidentiary basis for punitive damages. This procedure needs to be followed exactly as required by statute, *using the standards set forth in the statute.*

*Id.* at 473 (emphasis added); *see also Hudson Hotels Corp. v. Seagate Beach Quarters, Inc.*, 696 So. 2d 867, 868 (Fla. 4th DCA 1997) (Gross, J., dissenting) (favorably citing *Potter* for the proposition that "[a] holding that a defendant has failed to establish the absence of any material fact on a plaintiff's tortious interference claim is not the equivalent of the plaintiff establishing a reasonable evidentiary basis for punitive damages").[1]

Accordingly, we grant the petition and quash the trial court's order granting the motion to amend to assert a claim for punitive damages.

*Petition granted.*

TAYLOR and LEVINE, JJ., concur.

*       *       *

---

[1] As the majority in *Hudson Hotels* denied the petition without explanation, that case is tantamount to a per curiam affirmance without written opinion and has no precedential value. *St. Fort v. Post, Buckley, Schuh & Jernigan*, 902 So. 2d 244, 248 (Fla. 4th DCA 2005) ("We reiterate that a per curiam affirmance without written opinion, even one with a written dissent, has no precedential value and should not be relied on for anything other than res judicata.").

*Not final until disposition of timely filed motion for rehearing.*