DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD JOHN DESANTO,**
Appellant,

v.

**GREGG GRAHN** and **TERRY GRAHN,**
Appellees.

No. 4D22-2701

[June 14, 2023]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE21021856.

Kevin P. Tynan of Richardson & Tynan, P.L.C., Tamarac, for appellant.

Grace Mackey Streicher and Andrew A. Harris of Harris Appeals, P.A., Palm Beach Gardens, and Ben Murphey of Lawlor White & Murphey, LLP, Fort Lauderdale, for appellees.

PER CURIAM.

Richard John DeSanto, a disbarred attorney, appeals a non-final order allowing his former clients to pursue a claim for punitive damages against him. Because the former clients' punitive damages proffer consisted almost entirely of allegations unsupported by any evidence, and because the former clients failed to provide sufficient evidentiary support to show a reasonable basis to recover punitive damages at the hearing on the motion to amend, we reverse.

An order granting or denying a motion to amend to add a punitive damages claim is reviewed *de novo. Progressive Select Ins. v. Ober*, 353 So. 3d 1190, 1192 (Fla. 4th DCA 2023). To permit a claim for punitive damages, the trial court must be presented with "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2021); *see also* Fla. R. Civ. P. 1.190(f).

DeSanto and the former clients disagree about the meaning of "proffered" under the statute. DeSanto argues a proffer must consist of evidence and asserts the required "reasonable showing" can be made with record evidence or proffered evidence but cannot consist of mere factual allegations. The former clients respond that a proffer is not evidence and contend the required "reasonable showing" may be met by presenting either evidence or anticipated evidence. By pleading claims that could support recovery of punitive damages and by proffering a statement of the facts consistent with their theory of the case, the clients assert they satisfied the statute's "reasonable showing" requirement. Accepting the former clients' argument that evidence is distinct from a proffer, the trial court granted leave to plead punitive damages.

"[P]unitive damages are reserved for truly culpable behavior and are intended to 'express society's collective outrage.'" *KIS Grp., LLC v. Moquin*, 263 So. 3d 63, 65–66 (Fla. 4th DCA 2019) (quoting *Imperial Majesty Cruise Line, LLC v. Weitnauer Duty Free, Inc.*, 987 So. 2d 706, 708 (Fla. 4th DCA 2008)). Allowing a claim for punitive damages and the accompanying financial discovery "can be a 'game changer' in litigation." *TRG Desert Inn Venture, Ltd. v. Berezovsky*, 194 So. 3d 516, 520 n.5 (Fla. 3d DCA 2016). Accordingly, section 768.72(1) creates "a substantive legal right not to be subject to a punitive damages claim" until the court determines there is a reasonable evidentiary basis to recover punitive damages. *Globe Newspaper Co. v. King*, 658 So. 2d 518, 519 (Fla. 1995); *see Progressive Select*, 353 So. 3d at 1192.

It is well settled that allegations are not evidence, and pleadings alone are not an evidentiary basis for punitive damages. *Cat Cay Yacht Club, Inc. v. Diaz*, 264 So. 3d 1071, 1075 (Fla. 3d DCA 2019) ("Bare allegations are insufficient to support a punitive damages claim."). As this court has explained:

> The procedural protection of this statute requires more than mere allegations. We agree with Petitioners that an evaluation of the evidentiary showing required by section 768.72 does not contemplate the trial court simply accepting the allegations in a complaint or motion to amend as true.
>
> . . . .
>
> . . . The statute requires the trial court to act as a gatekeeper and precludes a claim for punitive damages where there is no reasonable evidentiary basis for recovery.

2

*Bistline v. Rogers*, 215 So. 3d 607, 610–11 (Fla. 4th DCA 2017).

Here, the former clients moved to add a claim for punitive damages before discovery was conducted. However, their motion to amend does not refer to any record evidence, was not verified, and was not supported by any affidavits. The only exhibits to the motion were from disciplinary proceedings for comparable conduct involving a different client. Attached to the motion was a disciplinary petition and the Florida Supreme Court's order granting the petition and disbarring DeSanto. The proposed amended complaint also included a screenshot of a website for DeSanto's law firm that was offered to show he was still holding himself out as a lawyer in 2021, in violation of the Florida Supreme Court's order. Although these disciplinary proceedings may be relevant to show a pattern of conduct or absence of mistake, these records alone do not provide a reasonable evidentiary basis for the alleged misconduct to support punitive damages in this case.

"[A] reasonable showing by evidence in the record or proffered by the claimant" refers to actual evidence that would provide a prima facie basis to recover punitive damages. *See Marder v. Mueller,* 358 So. 3d 1242, 1245 (Fla. 4th DCA 2023) (quoting § 768.72(1), Fla. Stat. (2018)) (reversing an order allowing a claim for punitive damages where "Patient did not proffer sufficient evidence to demonstrate that Doctor's conduct amounted to intentional misconduct or gross negligence under section 768.72(2) as opposed to ordinary negligence."); *Est. of Blakely by & Through Wilson v. Stetson Univ., Inc.,* 355 So. 3d 476, 482 (Fla. 5th DCA 2022) (finding a plaintiff did not meet "the threshold necessary to state a claim for punitive damages" because the record evidence and proffered evidence did not establish gross negligence); *Tilton v. Wrobel,* 198 So. 3d 909, 910 (Fla. 4th DCA 2016) (holding the trial court departed from the essential requirements of law in allowing a claim for punitive damages because it erroneously concluded that a defamation claim as a matter of law entitled the plaintiff to seek punitive damages and determined that the plaintiff "proffered sufficient evidence to make a *prima facie* showing of intentional or grossly negligent conduct" that permitted recovery of punitive damages).

In this case, the former clients' proffered narrative consists almost entirely of bare allegations instead of evidence. Accepting their argument that the statute requires only a representation of anticipated evidence would leave the court with no effective way to act as a gatekeeper and thus render section 768.72(1) virtually meaningless.

Because the clients did not show through record or proffered evidence that there is a reasonable basis to recover punitive damages, we reverse the trial court's order and remand for further proceedings.

*Reversed and remanded.*

KLINGENSMITH, C.J., MAY and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***