# Third District Court of Appeal
## State of Florida

Opinion filed March 27, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0639
Lower Tribunal No. 21-22353
_____

**Giselle Gattorno and David Iglesias,**
Appellants,

vs.

**Steven Souto,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez and Carly M. Weiss, for appellants.

Florida Advocates, and Carlos D. Cabrera (Dania Beach), for appellee.

Before EMAS, LINDSEY and LOBREE, JJ.

EMAS, J.

**INTRODUCTION**

Appellants, Giselle Gattorno and David Iglesias, the defendants below, appeal a nonfinal order granting plaintiff Steven Souto's motion for leave to amend his complaint to assert a claim for punitive damages. Appellants contend the trial court erred in allowing leave to amend because the motion and proffer failed to make "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages," as required by section 768.72(1), Florida Statutes (2021). Specifically, they assert that Souto failed to show that Gattorno's actions rose to the level of "intentional misconduct or gross negligence" under section 768.72(2), Florida Statutes (2021). We have jurisdiction[1] and, upon our de novo review of the evidence proffered,

---

[1] In 2022, the Florida Supreme Court amended Florida Rule of Appellate Procedure 9.130, authorizing appeals of nonfinal orders that "grant or deny a motion for leave to amend to assert a claim for punitive damages." Fla. R. App. P. 9.130(a)(3)(G). See In re Amend. to Fla. R. App. P. 9.130, 345 So. 3d 725 (Fla. 2022). Prior to that amendment, such orders were reviewable only by certiorari, but the scope of review was limited to determining whether the trial court complied with the procedural requirements of section 768.72, Florida Statutes. See, e.g., Ross Dress For Less Va., Inc. v. Castro, 134 So. 3d 511, 525 (Fla. 3d DCA 2014) ("[A]ppellate courts do have certiorari jurisdiction to review whether a trial judge has conformed with the procedural requirements of section 768.72, but do not have certiorari jurisdiction to review a decision of a trial judge granting leave to amend a complaint to include a claim for punitive damages when the trial judge has followed the procedural requirements of section 768.72. Certiorari is not available to review a determination that there is a reasonable showing by evidence in the

2

considered in a light most favorable to Souto, we affirm the trial court's order granting Souto leave to amend to assert a claim for punitive damages.

## FACTS AND PROCEDURAL HISTORY

The lawsuit arises out of an incident in which Gattorno (who was driving David Iglesias' car) reversed out of a parking space, striking and pinning Souto between her car and another car. As a result, Souto suffered injuries that necessitated surgery. Among the disputed issues surrounding the events of that evening is whether Gattorno was intoxicated.

Souto sued Gattorno and David Iglesias in a two-count complaint, alleging Gattorno negligently operated the car causing severe and permanent bodily injury to Souto, and that David Iglesias was vicariously liable as the owner of the car.

Following discovery, Souto filed the underlying motion for leave to amend the complaint to assert a claim for punitive damages on the basis that Gattorno was intoxicated when she struck Souto with Iglesias' car. The evidentiary proffer included deposition testimony from four people: Gattorno, Danielle Iglesias, Souto, and Christopher Noonan (a friend of Souto who witnessed the incident).

---

record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.") (quoting Globe Newspaper Co. v. King, 658 So. 2d 518, 519 (Fla. 1995)).

3

These four witnesses testified that Gattorno and Danielle Iglesias met Souto, Noonan and their friends at The Wharf, a club in Miami. The two groups arrived at the club separately and did not meet until after 2:00 a.m. When the club closed at approximately 3:00 a.m., Noonan and one of his friends stayed in the parking lot talking to Gattorno and Danielle Iglesias, as the women sat in their car with the windows lowered. Meanwhile, Souto was standing behind the vehicle speaking to an acquaintance who had parked his car behind the women. While the details in the witnesses' stories vary, Souto and Noonan testified that, when Gattorno backed out of the parking space to leave, she struck Souto, pinning him to the vehicle parked behind her.

The accounts of these witnesses also differed on whether Gattorno was intoxicated. Gattorno and Danielle Iglesias testified that Gattorno drank two mojitos between 11 p.m. and 2 a.m., before they encountered the group of men at The Wharf. Noonan and Souto testified that Gattorno drank at least two drinks in their presence and "a couple of shots," and that Gattorno was acting intoxicated before the incident in the parking lot.

The trial court conducted a hearing on the motion, discussed the proffered evidence, and granted Souto's motion for leave to amend to add the punitive damages claim. This appeal followed.

4

**STANDARD OF REVIEW**

This Court applies de novo review to a nonfinal order granting a motion for leave to amend a complaint to assert a claim for punitive damages. Grove Isle Ass'n, Inc. v. Lindzon, 350 So. 3d 826, 829 (Fla. 3d DCA 2022). In doing so, this court "views the record evidence and the proffered evidence in the light most favorable to the plaintiffs and accepts said evidence as true for the purpose of reviewing whether a reasonable basis exists for punitive damages." Est. of Blakely by & Through Wilson v. Stetson Univ., Inc., 355 So. 3d 476, 481 (Fla. 5th DCA 2022). See also Fed. Ins. Co. v. Perlmutter, 376 So. 3d 24 (Fla. 4th DCA 2023); Hosp. Specialists, P.A. v. Deen, 373 So. 3d 1283 (Fla. 5th DCA 2023).

**ANALYSIS AND DISCUSSION**

Appellants contend the proffer failed to provide a reasonable evidentiary basis to allow Souto to seek punitive damages. They generally cite to the quality of the evidence and argue the trial court applied the incorrect standard in reaching its decision. We find Appellants' contention to be without merit.

"Under Florida law, the purpose of punitive damages is not to further compensate the plaintiff, but to punish the defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future."

5

Manheimer v. Fla. Power & Light Co., 48 Fla. L. Weekly D1495, 2023 WL 4919540, at *2 (Fla. 3d DCA Aug. 2, 2023) (quoting Owens–Corning Fiberglas Corp. v. Ballard, 749 So. 2d 483, 486 (Fla. 1999)). Section 768.72(1) provides:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.

Stated differently, "[t]he statute requires the trial court to act as a gatekeeper and precludes a claim for punitive damages where there is no reasonable evidentiary basis for recovery." KIS Grp., LLC v. Moquin, 263 So. 3d 63, 65 (Fla. 4th DCA 2019) (quotation omitted). Such a function is significant because punitive damages are a "game changer" in litigation—specifically, "a punitive damages claim subjects the defendant to financial discovery that would otherwise be off limits . . . and potentially subjects the defendant to uninsured losses." Manheimer, 48 Fla. L. Weekly D1495 at *2 (quotation omitted). As to the trial court's determination, this court has explained:

> A trial court must weigh both parties' showings when considering whether the evidence or proffer is sufficient to establish a reasonable evidentiary basis for recovery of punitive damages. A trial court's inquiry under section 768.72 is more intensive than at summary judgment because the statute necessarily requires the court to weigh the evidence and act as a factfinder.

6

Manheimer, 48 Fla. L. Weekly D1495 at *3 (quotation omitted); see also Napleton's N. Palm Auto Park, Inc. v. Agosto, 364 So. 3d 1103, 1105 (Fla. 4th DCA 2023) ("As a threshold matter, the trial court improperly believed it had to accept Agosto's proffer as true.")  And while the trial court's role as gatekeeper requires it to consider and weigh the competing showings of the parties and to act as a factfinder, the statute does not require the plaintiff prove an entitlement to punitive damages by clear and convincing evidence at this pleading stage of the case.  To impose such a requirement "would circumvent the statute and impair a claimant's ability to plead punitive damages, and no court of this state has the discretion 'to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications.'" Deaterly v. Jacobson, 313 So. 3d 798, 801 (Fla. 2d DCA 2021) (quoting Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984)).

The record below confirms that the trial court considered and weighed the evidence offered by the parties, acted as a factfinder, and performed its gatekeeper role in concluding that Souto provided a reasonable evidentiary basis for the recovery of punitive damages.

We reject Appellants' suggestion that evidence of intoxication while driving does not provide the requisite "reasonable basis" for recovery of

7

punitive damages. In <u>Ingram v. Pettit</u>, 340 So. 2d 922, 924 (Fla.1976), the Florida Supreme Court explained that

> we see that the courts and the Legislature have evolved the notion that drunk drivers menace the public safety and are to be discouraged by punishment. . . .  In line with that policy, therefore, we hold that juries may award punitive damages where voluntary intoxication is involved in an automotive accident in Florida. . . . We affirmatively hold that the voluntary act of driving "while intoxicated" evinces, without more, a sufficiently reckless attitude for a jury to be asked to provide an award of punitive damages if it determines liability exists for compensatory damages.

<u>See also</u> <u>Case v. Newman</u>, 154 So. 3d 1151, 1156 (Fla. 1st DCA 2014).

Because intoxication while driving can constitute a basis for a punitive damages award, the proffered evidence satisfied the statutory requirement to provide a reasonable basis for recovery of punitive damages:

Both Gattorno and Danielle Iglesias testified that Gattorno had at least two mojitos between 11:00 p.m. and 2:00 a.m.  In addition, Steven Souto testified that, in his presence, Gattorno had at least two mojitos "and a couple of shots or something" within a forty-five-minute period. Souto further testified that Gattorno appeared to be drunk: "She was very giggly. My friend Patricio was letting her sit on his lap. She definitely looked like she was intoxicated."

Noonan testified that Gattorno drank at least two mojitos within a forty-five minute period, and that she appeared intoxicated: "[I]t seemed as if

8

Danielle wasn't really intoxicated, and [Gattorno] was kind of more, you know, she was drunk." Once the club closed, and they were in the parking lot, Gattorno and Danielle were in Iglesias' car, with Gattorno behind the wheel. Noonan stood outside the car, talking to them, and he told Gattorno that Danielle should drive: "You know, I think your cousin [Danielle] should drive because, you know, you've been—I feel like you've been drinking a little bit too much." According to Noonan, Danielle agreed with this assessment and offered to drive, but Gattorno became upset, raised her window, and "put[] the car in reverse and like hit[] the gas, like off impulse. And that's when she slam[med] into Steven."

Viewing the evidence in a light most favorable to the plaintiff, there was no error in the trial court finding Souto provided a reasonable basis to permit leave to amend to add a claim for punitive damages. Appellants raise additional arguments, none of which merits further discussion.[2]

___

[2] For example, Appellants contend that Souto and Noonan's testimony included inadmissible hearsay. While the trial court can certainly consider this aspect in weighing the parties' proffer in support of their respective positions, a proffer of evidence supporting a punitive damages claim "is merely a representation of what evidence the [party] proposes to present and is not actual evidence." Est. of Despain v. Avante Grp., Inc., 900 So. 2d 637, 644 (Fla. 5th DCA 2005) (quotation omitted). "By allowing a punitive damages claimant to satisfy his initial burden by means of a proffer, section 768.72 contemplates that a claimant might obtain admissible evidence or cure existing admissibility issues through subsequent discovery." Cook v. Fla. Peninsula Ins. Co., 371 So. 3d 958, 961-62 (Fla. 5th DCA 2023) (quoting

**CONCLUSION**

The trial court performed its gatekeeping function in acting as a factfinder and weighing the parties' showings in determining whether to grant Souto leave to amend to assert a claim for punitive damages. Upon our de novo review of the evidence proffered, considered in a light most favorable to the plaintiff below, we affirm the trial court's order granting Souto leave to amend to assert a claim for punitive damages.

Affirmed.

---

Royal Marco Point I Condo. Ass'n, Inc. v. QBE Ins. Corp., No. 3:07 CV 16, 2010 WL 2609367, at *2 (M.D. Fla. June 30, 2010)).

Additionally, the mere fact that the evidence proffered by the parties was in some respect conflicting does not require a trial court to deny a motion seeking leave to add a claim for punitive damages. Indeed, at trial a jury can conclude that punitive damages have been proven by clear and convincing evidence even in the face of conflicts and inconsistencies in the evidence presented. See, e.g., In re Guardianship of Browning, 543 So. 2d 258, 273 (Fla. 2d DCA 1989) (discussing the level of proof required to meet the "clear and convincing" standard and observing: "It is possible for the evidence in such a case to be clear and convincing, even though some evidence may be inconsistent. Likewise, it is possible for the evidence to be uncontroverted, and yet not be clear and convincing.") (additional quotation omitted). See also Fed. Ins. Co. v. Perlmutter, 376 So. 3d 24 (Fla. 4th DCA 2023); Edwards v. State, 351 So. 3d 1142, 1151 (Fla. 1st DCA 2022) (noting that "clear and convincing evidence does not mean that there are no inconsistencies in the evidence.")