656 So.2d 587 (1995)
Ignacio PORRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1799.
District Court of Appeal of Florida, Third District.
June 21, 1995.
Christopher A. Grillo, Ft. Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., and Elliot B. Kula, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GREEN, JJ.
PER CURIAM.
Ignacio Porro appeals an order denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We reverse.
The trial court conducted an evidentiary hearing on defendant-appellant's motion, which asserted a claim of ineffective assistance of trial counsel. The trial court took the testimony of trial counsel, but declined to hear several other witnesses subpoenaed by defendant. The trial court also refused to allow a proffer of the excluded witnesses' testimony. The court should have allowed a proffer so as to permit defendant to complete his record. See § 90.104(1)(b), Fla. Stat. (1993); Charles W. Ehrhardt, Florida Evidence § 104.3 (1995 ed.).[*]
We reverse the order and remand to permit Porro to make a proffer of the testimony which would have been given by the excluded witnesses, and for such other proceedings, if any, the trial court deems appropriate. We express no view on the merits of defendant's Rule 3.850 motion.
The trial court also entered an alternative holding that Rule 3.850 motion was time-barred. Both parties agree that the motion was timely, as it was filed within two years after issuance of this court's mandate in defendant's direct appeal. See Porro v. State, 620 So.2d 770 (Fla. 3d DCA 1993) (table).
Reversed and remanded for further proceedings consistent herewith.
NOTES
[*] The trial court has discretion over the method of making an offer of proof. See Ehrhardt, supra, § 104.3. In this case counsel requested leave to make an oral or written proffer summarizing the evidence the witnesses would give.