891 So.2d 1188 (2005)
Carolyn HOLMES, individually, and as parent and guardian of Cory Holmes and Courtney Holmes, Appellants,
v.
BRIDGESTONE/FIRESTONE, INC., a foreign corporation, f/k/a The Firestone Tire & Rubber Company, Appellees.
Nos. 4D03-3554, 4D03-3593.
District Court of Appeal of Florida, Fourth District.
February 2, 2005.
*1189 Christopher J. Lynch and Steven Hunter of Angones, Hunter, McClure, Lynch, Williams & Garcia, P.A., Miami, for appellant.
*1190 Lucinda A. Hofmann of Holland & Knight LLP, Ft. Lauderdale, for appellee.

On Motion for Rehearing
KLEIN, J.
We withdraw our opinion filed on November 24, 2004 and replace it with this opinion.
Appellant plaintiffs were injured in October of 1999, when a Ford Explorer, equipped with Firestone Radial ATX P235-75R15 tires, rolled over. They prevailed in their suit against Bridgestone/Firestone (Firestone), obtaining a jury verdict for compensatory damages, but appeal the trial court's denial of their motion to amend their complaint to seek punitive damages against Firestone. We reverse.
The tire, which was manufactured by Firestone in Decatur, Illinois, was original equipment on plaintiffs' Explorer. In August, 2000, about ten months after the accident, Firestone recalled these tires, which had been installed by Ford as original equipment on certain SUVs throughout the 1990's.
Plaintiffs sued Ford, as well as Firestone; however, Ford was dropped as a party prior to trial. Plaintiffs' recovery against Firestone was based on failure to warn of a known defect and strict liability. The jury determined plaintiffs' damages were $55,400, but that Firestone was only twenty-percent responsible.
Section 768.72, Florida Statutes (2000), provides that claims for punitive damages will not be permitted unless there is a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Plaintiffs moved to add a claim for punitive damages to their complaint in December, 2001 and the motion was heard by the court in January, 2002. The information attached to the motion came entirely from the website of "Public Citizen," (http:// www.citizen.org/autosafety/articles.cfm?ID=5336). It is a summary titled "Public Citizen Chronology of Firestone/Ford Knowledge of Tire Safety Defect." Public Citizen is a non-profit consumer advocacy organization founded by Ralph Nader in 1971.
The chronology purports to describe the content of Ford and Firestone memos and letters, as well as actions taken by governmental agencies, which showed that Firestone knew about the tread separation problem long before the tires were recalled. Ford and Firestone were experiencing problems with these tires in other countries with warm climates during the 1990's. The first lawsuit alleging a tread separation of this tire on an Explorer was filed in 1992. In 1996 there were memos from two different state agencies in Arizona warning state employees that these tires were suffering tread separations. One of the memos indicated that Firestone was aware of the problem and was replacing the tires. State employees were warned not to drive at highway speeds until their tires were evaluated. Also attached to the motion to amend were copies of some of the memos or letters on Ford or Firestone letterhead which are summarized in the chronology.
Firestone argues that we should affirm because the information on which plaintiffs relied, all of which was taken directly from the internet, was inadmissible hearsay. The trial court, however, did not deny the motion to amend on that ground. If the trial court had denied the motion to amend because of the hearsay nature of the proffer, plaintiffs could have obtained the documents referred to in the chronology and cured the problem. Accordingly it would be unfair in this case to affirm on the right for wrong reason rationale, *1191 even if we agreed with the hearsay argument.[1]
We now reach the question which the trial court did decide, which is whether the conduct indicated in the information taken from the website could make Firestone liable for punitive damages. Firestone urges that the standard of review we should use is abuse of discretion, the standard applicable to the review of an order granting or denying a traditional amendment to a pleading. Leave to file such amendments "shall be given freely," rule 1.190(a). Firestone cites Video Independent Medical Examination, Inc. v. City of Weston, 792 So.2d 680, 681 (Fla. 4th DCA 2001), a non-punitive damage amendment case, in which we observed:
Refusal to allow amendment constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.
Punitive damage amendments are different than traditional amendments in that section 768.72 has created a substantive legal right not to be subject to a punitive damage claim until the trial court rules that there is a reasonable evidentiary basis for punitive damages. Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995). Because this is a substantive right, the abuse of discretion standard, which requires all doubts to be resolved in favor of allowing amendments, Yun Enters. v. Graziani, 840 So.2d 420, 423 (Fla. 5th DCA 2003), is not appropriate for reviewing proposed punitive damage amendments.
When a trial court is determining if a plaintiff has made a "reasonable showing" under section 768.72 for a recovery of punitive damages, it is similar to determining whether a complaint states a cause of action, or the record supports a summary judgment, both of which are reviewed de novo. W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297 (Fla. 1st DCA 1999) (complaint); Walsingham v. Dockery, 671 So.2d 166 (Fla. 1st DCA 1996) (summary judgment). In addition, where a trial court's ruling is based entirely on written evidence, the appellate court is in the same position as the trial court in weighing the evidence. W. Shore Rest. Corp. v. Turk, 101 So.2d 123 (Fla.1958). We therefore conclude that this a question of law.[2]
We agree with plaintiffs that the proffer reflected facts from which it could be found that Firestone knew about the tread separation, but delayed warning the *1192 public in order to protect its own financial interests. Such a finding would support punitive damages. Owens-Corning Fiberglas Corp. v. Ballard, 749 So.2d 483 (Fla.1999); GMC v. McGee, 837 So.2d 1010 (Fla. 4th DCA 2002); CSX Transp., Inc. v. Palank, 743 So.2d 556 (Fla. 4th DCA 1999). There was accordingly a reasonable showing under the statute, and the amendment should have been permitted.
As to the order striking the offer of judgment, which has been appealed by Firestone, we conclude, without considering the correctness of the order, that it should be vacated in light of our reversal on the punitive damage claim.
Reversed.
FARMER, C.J., and BERGER, WILLIAM J., Associate Judge, concur.
NOTES
[1] The traditional purpose of a proffer, or offer of proof, is to demonstrate to an appellate court a real error, not an imaginary or speculative one. Ehrhardt, Florida Evidence, § 104.3 (2002 ed.), citing Jacobs v. Wainwright, 450 So.2d 200 (Fla.1984); Nava v. State, 450 So.2d 606 (Fla. 4th DCA 1984). Although the safest practice would be to proffer the actual evidence, an oral proffer may be sufficient, particularly if there is no dispute as to what the evidence would have been. O'Shea v. O'Shea, 585 So.2d 405 (Fla. 1st DCA 1991). Whether a proffer is sufficient is within the trial court's discretion. Porro v. State, 656 So.2d 587 (Fla. 3d DCA 1995). If the trial court in this case had ruled that the website chronology in and of itself had been insufficient, it would not have been an abuse of discretion. The proffer, however, also included copies of letters and memos on Firestone and Ford letterhead. Although they were not authenticated, they make a stronger case for allowing amendment than the chronology alone.
[2] Apparently no Florida court has yet had to address the standard of review, because most, if not all, of the decisions reviewing punitive damage amendments have been by certiorari, in which we do not review the trial court's determination of the sufficiency of the facts. Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995).