PALMER, J.,
dissenting.
I respectfully dissent because, on the state of the instant record, it is impossible to determine whether the trial court’s exclusion of the prosecutor’s testimony constitutes reversible error.
Although defense counsel proffered the victim’s testimony, no proffer was made or requested as to the prosecutor’s testimony. Instead, defense counsel simply argued that he was entitled to inquire of the prosecutor about the victim’s alleged inconsistent statement. Under these circumstances, we cannot determine what the prosecutor’s testimony would have been and whether the trial court’s exclusion of such evidence was harmful. See Holmes v. Bridgestone/Firestone, Inc., 891 So.2d 1188, 1191 n. 1 (Fla. 4th DCA 2005).
In my view, the more appropriate disposition in this case would be to affirm the defendant’s judgment and sentence, and allow him to file a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of trial counsel. This remedy is appropriate in this circumstance because, in a post-conviction evi-dentiary proceeding, the trial court would be able to determine whether defense counsel’s failure to proffer the prosecutor’s testimony was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If so, the trial court then could have granted the defendant a new trial. If not, then an enormous waste of judicial resources would have been avoided.