Conner, J.
Petitioners Jane Bistline, M.D. and Jane Bistline, M.D., P.A. seek certiorari review of the trial court’s order granting Respondent Anthony Rogers’s motion to amend his fourth amended complaint to assert claims for punitive damages. Having determined that we have jurisdiction, we grant relief because it appears from the order under review that the trial court applied the wrong legal standard.

Factual Background and Trial Court Proceedings

Respondent Rogers is a medical doctor with an ownership interest in a medical practice, Palm Beach Pain Management Clinic (PBPMC). In 2002, Rogers and Respondent Carroll jointly owned PBPMC. In 2003, Rogers and Carroll entered into an agreement for Rogers to buy out Carroll’s interest in the practice; however, Carroll retained fifty percent of the voting rights and remained as the president, chief executive officer, and chairman of the board until he was fully paid for his interest. PBPMC hired Bistline to work in the practice. Allegedly, in 2004, Carroll and Bistline decided to open a competing practice together.
As the plaintiff below, Rogers sued Petitioners and the other respondents, alleging Petitioners stole patients from PBPMC and improperly used and copied patient data and appointment schedules from a database owned by PBPMC. Eventually, Rogers sought leave to amend the complaint to add a claim for punitive damages against Petitioners as to separate counts for unfair competition, conversion, and tor-tious interference. Rogers submitted a proposed amended complaint and a written proffer of evidence in support of his motion to amend, which consisted largely of excerpts from transcripts of witness testimony in depositions and at various hearings.
*609 Petitioners asserted various arguments and contentions for denying the motion, the primary contentions being that (1) Rogers’s proffer of evidence was insufficient to support a punitive damages award because it failed to identify a single patient that had been improperly diverted from Rogers, and (2) because the trial court had previously stricken certain allegations of fraud in diverting the patients, there was no support for a punitive damages award under the three counts at issue.
After a hearing, the trial court granted the motion to amend. Petitioners now seek review.

Certiorari Analysis

“Certiorari review is available to determine whether a trial court has complied with the procedural requirements of section 768.72, [Florida Statutes (2016),] but not to review the sufficiency of the evidence.” Tilton v. Wrobel, 198 So.3d 909, 910 (Fla. 4th DCA 2016) (citing Globe Newspaper Co. v. King, 658 So.2d 518, 520 (Fla. 1995)).
Section 768.72(1), Florida Statutes (2016), provides in relevant part: “In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.” § 768.72(1), Fla. Stat. (2016) (emphases added). Subsection (2) sets forth the burden of proof at trial and provides: “A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence.” § 768.72(2), Fla. Stat. (2016) (emphasis added).
Because the claims at issue do not sound in negligence, the asserted basis for punitive damages under the statute was “intentional misconduct.”
“Intentional misconduct” means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.
§ 768.72(2)(a), Fla. Stat. (2016).
In the context of actions for tortious interference with a contract or business relationship, we have said that “[r]ecord evidence may support an intentional tort, but not necessarily an award of punitive damages.” Air Ambulance Prof'ls, Inc. v. Thin Air, 809 So.2d 28, 30 (Fla. 4th DCA 2002). Relying on Florida Supreme Court precedent, we have also said, in the context of tortious interference, that:
[A]s the court noted in American Cyanamid Co. v. Roy, [498 So.2d 859 (Fla. 1986),] punitive damages are only tenable for “[t]ruly culpable behavior ... to express society’s collective outrage. ...” As the Supreme Court has also expressed it, in order to sustain a claim for punitive damages, the tort must be committed in “an outrageous manner or with fraud, malice, wantonness or oppression.” Winn & Lovett Grocery Co. v. Archer [, 126 Fla. 308, 171 So. 214 (1936)].
Hosp. Corp. of Lake Worth v. Romaguera, 511 So.2d 559, 565 (Fla. 4th DCA 1986) (third alteration in original).
To merit punitive damages, the conduct in an intentional interference case must be egregious and sufficiently reprehensible to rise to the level of truly culpable behavior deserving of punishment. Imperial Majesty Cruise Line, LLC v. Weitnauer Duty Free, Inc., 987 So.2d 706, 708 (Fla. 4th DCA 2008) (concluding that defendant’s conduct in a tortious interference case was “not sufficiently egregious” *610 to permit punitive damages); James Crystal Licenses, LLC v. Infinity Radio Inc., 43 So.3d 68, 78 (Fla. 4th DCA 2010) (same). We think the same level of culpable conduct applies to entitlement to punitive damages for other business torts, like conversion.
The beginning of the order under review states that the trial court reviewed and considered the evidentiary proffer by Rogers in support of his motion to amend. However, in expressing the standard used for analysis, the trial court stated that “[t]he standard of whether a claimant has established a ‘reasonable basis’ for recovery is similar to that of whether a claimant has stated a cause of action,”' citing our decision in Holmes v. Bridgestone/Firestone, Inc., 891 So.2d 1188 (Fla. 4th DCA 2005). Also citing to Holmes, in the next sentence, the trial court stated, “[w]hen determining whether a complaint states a cause of action, all allegations are taken as true.” Subsequently, as to each of the three causes of action, the trial court began its analysis with “Plaintiffs allege,” and concluded the analysis with “[a]s Plaintiffs [sic] allegations in the instant motion are taken as true, Plaintiffs have established a reasonable basis for punitive damages for their [cause of action].” Further down, the order stated, “[t]o amend to add a claim for punitive damages Plaintiffs must make a ‘reasonable showing’ through sufficient allegations, but do not need to provide evidence of those allegations.” (emphasis added). Finally, at the end of the order, the trial court concluded with “Plaintiffs have pleaded a factual scenario in which an award of punitive damages would be permissible. Thus, amendment is proper.” (emphasis added).
It appears the trial court misapplied our decision in Holmes and accepted Rogers’s allegations as true believing that the inquiry “is akin to determining whether the pleader has stated a cause of action.”
Holmes was a direct appeal after trial of an order denying a motion to amend the complaint to add a claim for punitive damages. There, we addressed what standard of review should be applied to a trial court’s pretrial decision to deny the amendment. Holmes, 891 So.2d at 1191. We specifically noted that, because section 768.72 creates a substantive right, the abuse of discretion standard, which requires all doubts to be resolved in favor of allowing amendments, is not appropriate. Id. Instead, we concluded that the appropriate standard of review is de novo. Id. In reaching that conclusion, we made a comparison in which we determined that the “reasonable showing” under section 768.72 is “similar to determining whether a complaint states a cause of action or the record supports a summary judgment, both of which are reviewed de novo.” Id. Unfortunately, the trial court focused on the language “whether the complaint states a cause of action,” disregarding the other part of the analogy, whether “the record supports a summary judgment.” The analogy this Court drew in Holmes was made in determining the proper standard of review.
Section 768.72(1) “create[s] a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages.” Globe Newspaper, 658 So.2d at 519 (emphasis added). The procedural protection of this statute requires more than mere allegations. We agree with Petitioners that an evaluation of the evi-dentiary showing required by section 768.72 does not contemplate the trial court simply accepting the allegations in a complaint or motion to amend as true.
*611 The court should have determined whether Rogers had established a reasonable evidentiary basis to recover punitive damages against Petitioners based on “intentional misconduct,” as defined in the statute, and whether there is a reasonable evidentiary showing that the conduct rises to a level of culpability sufficient to support punishment.
“Under Florida law, the purpose of punitive damages is not to further compensate the plaintiff, but to punish the defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future.” Owens-Corning Fiberglas Corp. v. Ballard, 749 So.2d 483, 486 (Fla. 1999). “Hence, punitive damages are appropriate when a defendant engages in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross. negligence as to indicate a wanton disregard for the rights and safety of others,” Id. (quoting White Constr. Co., Inc. v. Dupont, 455 So.2d 1026, 1028 (Fla. 1984)).
Merely pleading a facially sufficient claim for an intentional business tort is not sufficient to claim punitive damages. “[Pjunitive damages are reserved for particular types of behavior which go beyond mere intentional acts.” Weinstein Design Group, Inc. v. Fielder, 884 So.2d 990, 1001 (Fla. 4th DCA 2004); see also Matrix Grp. Ltd., Inc. v. Rawlings Sporting Goods Co., 477 F.3d 583, 595 (8th Cir. 2007) (“In order to recover punitive damages [plaintiff] would have had to prove more than just the elements of a claim for tortious interference.”). An award of punitive damages for the intentional torts in this case would require an evidentiary showing of fraud, malice, or outrageous conduct, such as an illicit scheme to put the plaintiff out of business. Matrix Grp., 477 F.3d at 595. On a motion to amend the complaint, the evi-dentiary showing is by proffer.
Petitioners have shown a departure from the essential requirements of law. The statute requires the trial court to act as a gatekeeper and precludes a claim for punitive damages where there is no reasonable evidentiary basis for recovery. The trial court used an inadequate standard and failed to comply with the procedural requirements of section 768.72(1). Because the harm of being subjected to an impermissible punitive damage claim cannot be remedied by an appeal, we grant the petition and quash the order on review.

Petition granted.

WARNER and MAY, JJ., concur.