Per Curiam.
Petitioners Florida Hospital Medicine Services, LLC, Team Health, Inc., and Team Health Holdings, Inc., defendants in a medical malpractice suit, seek certiorari review of an order allowing Respondents Elizabeth K. Newsholme, Brian Newsholme, Justin Newsholme, and Kevin Newsholme ("Plaintiffs"), to amend their complaint to add a claim for punitive damages. Petitioners contend that the trial court applied the incorrect legal standard when it determined that Plaintiffs established a reasonable basis for recovery of punitive damages. For the reasons explained below, we agree and grant the petition.
Background
The underlying lawsuit concerns treatment Brian Newsholme received at Palms West Hospital after undergoing knee replacement surgery in April 2013. Plaintiffs allege that Newsholme was misdiagnosed with pulmonary embolisms after the surgery and was given an excessive amount of anticoagulants, which caused him to suffer a stroke and intracerebral hemorrhage. Plaintiffs contend that Newsholme's mistreatment was the result of a hospital policy preventing doctors from working overlapping shifts to allow for coordination of treatment.
In March 2015, Plaintiffs sued several defendants including the hospital, the treating doctors, and West Palm Beach *350 Physician Group, Inc. ("WPB Group"), the entity that employed the doctors. All original defendants other than WPB Group have settled and have been dismissed from the lawsuit. Petitioners were added as defendants in 2017. Plaintiffs allege that WPB Group is a subsidiary or agent of Petitioners and Petitioners are liable both directly and vicariously through WPB Group.
In November 2017, Plaintiffs moved to amend their complaint to add claims for punitive damages against Petitioners. Plaintiffs alleged that Petitioners knowingly condoned, ratified, or consented to the grossly negligent conduct of WPB Group. In support of their motion, Plaintiffs submitted an extensive written proffer and memorandum of law. Petitioners responded that Plaintiffs' proffer failed to support, and even contradicted, their allegations concerning the relationship between Petitioners and WPB Group.
After a hearing, the trial court granted Plaintiffs' motion to amend the complaint. In its order, the court acknowledged that, pursuant to section 768.72(1), Florida Statutes, Plaintiffs needed to make "a reasonable showing by evidence ... which would provide a reasonable basis for recovery of such damages." But the court also declared that it was bound to take Plaintiffs' allegations as true, stating, "[t]he standard of whether a claimant has established a 'reasonable basis' for recovery is similar to that of whether a claimant has stated a cause of action." The court relied on Holmes v. Bridgestone/Firestone, Inc. , 891 So.2d 1188 (Fla. 4th DCA 2005).
The court proceeded to recite Plaintiffs' allegations that WPB Group was Petitioners' agent, that Petitioners exercised complete control over WPB Group, and that Petitioners knowingly condoned, ratified, and consented to WPB Group's actions. The court repeated three times that it was bound to take these allegations as true, and expressly declined to consider Petitioners' argument that the proffered evidence was insufficient to support the allegations. The court concluded that Plaintiffs' allegations and proffer constituted a "reasonable showing" to support their motion.
Petitioners timely sought certiorari review, arguing that the trial court departed from the essential requirements of the law and caused irreparable harm by applying the wrong standard in determining that Plaintiffs established a reasonable basis for recovery of punitive damages.
Analysis
Certiorari jurisdiction lies to review whether a trial court has complied with the procedural requirements of section 768.72(1). Tilton v. Wrobel , 198 So.3d 909, 910 (Fla. 4th DCA 2016) (citing Globe Newspaper Co. v. King, 658 So.2d 518, 520 (Fla. 1995) ).
Section 768.72(1) provides that "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (emphasis added). See also Fla. R. Civ. P. 1.190(f). In Bistline v. Rogers , 215 So.3d 607 (Fla. 4th DCA 2017), we held that section 768.72(1)"requires the trial court to act as a gatekeeper and precludes a claim for punitive damage where there is no reasonable evidentiary basis for recovery." Id. at 611.
In Bistline , the trial court also granted a motion to amend the complaint to add a claim for punitive damages. See id. at 610. Relying on Holmes , the court stated that "[t]he standard for determining whether a claimant has established a 'reasonable basis' for recovery [of punitive damages] is similar to that of whether a claimant has *351 stated a cause of action." Id. The court emphasized that it was required to accept the plaintiff's allegations as true and concluded the allegations established a reasonable basis for recovery of punitive damages. Id.
This Court granted certiorari relief in Bistline , explaining that the trial court had misconstrued Holmes and applied the wrong standard to the plaintiff's motion. See id. We held that
Section 768.72(1)"create[s] a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." Globe Newspaper , 658 So.2d at 519 (emphasis added). The procedural protection of this statute requires more than mere allegations. We agree with Petitioners that an evaluation of the evidentiary showing required by section 768.72 does not contemplate the trial court simply accepting the allegations in a complaint or motion to amend as true.
Bistline , 215 So.3d at 610 (alteration in original). We further held that certiorari relief was warranted because "the harm of being subjected to an impermissible punitive damage claim cannot be remedied by an appeal." Id. at 611.
In the present case, the trial court cited Holmes in interpreting section 768.72(1)'s "reasonable showing" requirement and, in so doing, applied the wrong standard to Plaintiffs' motion to amend their complaint to add a claim for punitive damages. Notwithstanding Plaintiffs' attempts to distinguish this case from Bistline , it is clear from a reading of the order as a whole that the trial court failed to adequately consider whether the proffer was sufficient to establish a reasonable evidentiary basis for recovery of punitive damages, and simply accepted Plaintiffs' allegations as true, as it did in Bistline. Accordingly, this Court must grant the requested certiorari relief.
Conclusion
"[ Section 768.72(1) ] requires the trial court to act as a gatekeeper and precludes a claim for punitive damages where there is no reasonable evidentiary basis for recovery." Bistline , 215 So.3d at 611. As the trial court failed to comply with the procedural requirements of section 768.72(1), and "[b]ecause the harm of being subjected to an impermissible punitive damage claim cannot be remedied by an appeal, we grant the petition and quash the order on review." Id.
Petition granted.
Taylor, Conner and Forst, JJ., concur.