# Third District Court of Appeal

## State of Florida

Opinion filed February 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D22-820 & 3D22-1284
Lower Tribunal No. 20-6403

_____

**Pierre Richard Staniclas,**
Appellant,

vs.

**Deric L. Bogran, et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

MetschLaw, P.A., and Lawrence R. Metsch (Hollywood), for appellant.

Resnick & Louis, P.A. and Alyssa Cina, for appellee Alexander Gamarnik.

Before HENDON, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Dade Cnty. v. Lambert</u>, 334 So. 2d 844, 847 (Fla. 3d

DCA 1976) (applying rule that "default of one defendant, although an admission by him of the allegations of the complaint, does not operate as an admission of such allegation as against a contesting co-defendant" notwithstanding that non-defaulted defendant's liability was vicarious to defaulting defendant's negligence); Ridard v. Massa Inv. Grp., LLC, 337 So. 3d 862, 865 (Fla. 3d DCA 2022) ("The doctrine of collateral estoppel does not apply where, as here, the case on which the estoppel claim is based is still at issue. . . . Necessarily, 'the particular matter must be fully litigated and determined in a contest that results in a final decision of a court of competent jurisdiction.'" (quoting Bradenton Group, Inc. v. State, 970 So. 2d 403, 408 (Fla. 5th DCA 2007))); Bistline v. Rogers, 215 So. 3d 607, 611 (Fla. 4th DCA 2017) ("[Section 768.72, Florida Statutes] requires the trial court to act as a gatekeeper and precludes a claim for punitive damages where there is no reasonable evidentiary basis for recovery.").