DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHOENIX MANAGEMENT SERVICES, INC.** and **ADAM GOLDBERG,**
Appellants,

v.

**WATERCHASE HOMEOWNERS' ASSOCIATION, INC.,**
Appellee.

No. 4D2023-1746

[January 24, 2024]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Ori Silver, Judge; L.T. Case No. 502022CC011994.

Christian Gunneson, Tanner W. Stewart, and Paul M. Crochet of Wood Smith, Henning & Berman LLP, Tampa, for appellants.

Kevin M. Kennedy and Cory B. Kravit of Kravit Law, P.A., Boca Raton, for appellee.

GROSS, J.

We reverse the county court's order permitting the appellee homeowners' association to amend its complaint to assert a claim for punitive damages against its former management company.

The case below turns on the management company's refusal to return association records to the association. Ultimately, the association filed a lawsuit with claims for emergency injunctive relief, conversion, breach of fiduciary duty, breach of contract, and negligence. After an emergency hearing, the county court ordered the management company to turn over association records and other property within five days. It appears on this record that the management company complied with the order.

About five months later, the association sought to add a claim for punitive damages. After a hearing, the trial court granted the motion.

We review de novo the trial court's decision on a motion for leave to amend a complaint to add a punitive damages claim. *Bistline v. Rogers*, 215 So. 3d 607, 610 (Fla. 4th DCA 2017) (citing *Holmes v.*

*Bridgestone/Firestone, Inc.*, 891 So. 2d 1188, 1191 (Fla. 4th DCA 2005)); *see also Grove Isle Ass'n v. Lindzon*, 350 So. 3d 826, 829 (Fla. 3d DCA 2022).

We have long recognized that garden-variety intentional torts may be proved without the evidence necessary to justify an award of punitive damages. *See Bistline*, 215 So. 3d at 609–10 (holding the trial court erred in concluding that the issue relating to punitive damages was similar to whether the claimant stated a cause of action for intentional torts such as conversion and tortious interference); *Air Ambulance Pros., Inc. v. Thin Air*, 809 So. 2d 28, 30 (Fla. 4th DCA 2002) (observing that "[p]roof of the elements of tortious interference may be established even though the evidence may not justify an award of punitive damages"); *Progressive Select Ins. Co. v. Ober*, 353 So. 3d 1190, 1191–92 (Fla. 4th DCA 2023) (reversing order allowing punitive damage amendment upon concluding that the insured and trial court conflated the standards to allege a claim for bad faith and those to assert a punitive damage); *Hudson Hotels Corp. v. Seagate Beach Quarters, Inc.*, 696 So. 2d 867, 868 (Fla. 4th DCA 1997) (Gross, J., dissenting) ("Record evidence to support an intentional tort does *not* automatically support an award of punitive damages.").

Recently, in *Federal Insurance Co. v. Perlmutter*, this court, in an en banc opinion, examined the pleading requirements for punitive damages established by section 768.72, Florida Statutes. ___ So. 3d ___, 48 Fla. L. Weekly D2320, Nos. 4D2022-1558, 4D2022-1560, 4D2022-1562, 2023 WL 8609988 (Fla. 4th DCA Dec. 13, 2023). For a plaintiff to be able to amend a complaint to add a claim for punitive damages, we held that a trial court must

> make a preliminary determination of whether a reasonable jury, viewing the totality of proffered evidence in the light most favorable to the movant, could find by clear and convincing evidence that punitive damages are warranted.

2023 WL 8609988 at *6 (emphasis and footnote omitted). We explained:

> [A] "reasonable showing by evidence" of "a reasonable basis" for punitive damages means the movant must demonstrate the movant will be able to produce competent, substantial evidence at trial upon which a rational trier of fact could find that the defendant specifically intended to engage in intentional or grossly negligent misconduct that was outrageous and reprehensible enough to merit punishment.

2

*Id.*

Here, our review of the record does not demonstrate that the association met the *Federal Insurance* standard to plead a claim for punitive damages. The association presented no evidence of such "intentional or grossly negligent misconduct that was outrageous and reprehensible enough to merit punishment." *Id.* The record does not justify elevating this skirmish over the custody of business records to the World War II invasion of Normandy. Tort and contract causes of action are adequate remedies for the conduct alleged to have occurred in this case.

*Reversed and remanded for further proceedings consistent with this opinion.*

DAMOORGIAN and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3