DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEVEN M. SELZ,**
Appellant,

v.

**LAUREN MCKAGEN** and **STEPHEN HURSEY,**
Appellees.

No. 4D2023-0099

[January 31, 2024]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine Cheesman, Judge; L.T. Case No. 502018CA015252XXXXMBAJ.

Steven M. Selz of Selz & Muvdi Selz, P.A., Jupiter, for appellant.

Sherry L. Cooper, Hobe Sound, and Jack S. Cox of Jack S. Cox, P.A., Hobe Sound, for appellees.

PER CURIAM.

Steven Selz, the defendant below, appeals an order granting plaintiffs' motion for leave to add a claim for punitive damages in the underlying fraudulent lien litigation. We reverse the circuit court's order, holding that plaintiffs failed to meet the requirements imposed by section 768.72, Florida Statutes (2022), to amend their complaint to seek punitive damages.

### *The Lower Court Proceedings*

The underlying litigation involved two properties and three lower court cases. The properties were owned by the Natalie Hursey Trust and the Allen Hursey Trust (the "Trusts") and were leased to a tenant, North County Wrecker Service, LLC, which operated a vehicle towing and recovery service. Steven M. Selz was North County's counsel.

In 2017, a fire damaged a portion of one property. After North County repaired the property, the Trusts evicted North County. North County

contended that a trustee of the Trusts requested that it undertake the repairs and submitted invoices totaling $4,620.00 to a Trustee.

Following a dispute about North County's authority to repair and its requests for credits toward rent, North County sued the Trusts for damages arising from its loss of business and for reimbursement of the funds expended to repair the property. Those claims were dismissed after years of litigation.

Thereafter, the Trusts contracted to sell both properties to a third party and notified North County's attorney, Selz, of the pending sale. Before the sale closed, Selz filed a notice of lis pendens against the two properties, which the Trusts moved to discharge. Selz voluntarily discharged the lis pendens before that motion was heard.

Nevertheless, days before the closing, Selz recorded an equitable lien with a claimed amount of $13,643.11 based on a "written agreement." Selz signed the lien as "attorney-in-fact" and included his Florida Bar number.

Upon discovering the equitable lien, the Trusts moved to discharge it, as it was preventing them from delivering marketable title to the purchaser. The Trusts maintained that Selz knew no judge had entered a final judgment finding an equitable lien. The circuit court discharged the equitable lien, ruling it was improper.

Thereafter, appellees Stephen Hursey and Lauren McKagen, who are the trustees of the Trusts (the "Trustees") sued Selz for filing a fraudulent lien under section 817.535, Florida Statutes (2018), and for slander of title. The Trustees moved for summary judgment on the fraudulent lien count, arguing that: (1) an equitable lien cannot arise without a prior court determination; (2) the equitable lien fraudulently claimed that it was filed pursuant to a written agreement with respondents; and (3) mere invoices submitted by Selz did not create an equitable lien. The Trustees filed supporting factual evidence to show that various receipts furnished by Selz were not used for repair and/or improvement of the property as stated in the equitable lien.

The circuit court granted summary judgment as to the fraudulent lien count. Within its order, the circuit court found that Selz's actions in recording the equitable lien amounted to intentional and unlawful self-help, and that Selz intended to defraud or harass the Trusts. The circuit court determined that the Trusts were entitled to actual and punitive damages and $2,500.00 as a civil penalty. *See* § 817.535(8)(b)2., Fla. Stat. (2018).

2

Within that order, the circuit court made the following findings regarding Selz's filing of the equitable lien:

> 33. It is well settled that an Equitable Lien is a judicial construction. No Attorney can create an equitable lien . . . only a court can.
>
> 34. As an attorney, Mr. Selz knew that there had been no prior determination by any Court that an equitable lien be entered. Therefore, he materially knew that the document he prepared was false and fictitious and did not establish a legitimate property or lien interest.
>
> 35. As a real estate attorney, Mr. Selz knew that the lien would interfere with Plaintiffs' ability to provide marketable title to the property.
>
> 36. The lien was secretly filed without notice to Plaintiffs right before the scheduled closing.
>
> 37. It didn't matter if he filed the document as an attorney in fact or as attorney on behalf of a client. If anything, Mr. Selz must be held to a higher standard when he filed the Equitable Lien.
>
> 38. The actions of Defendant in recording the Equitable Lien amounted to an intentional and unlawful self-help.
>
> 39. The Court further finds that Attorney Selz intended to defraud or harass the Plaintiffs.

(Citation omitted).

Selz sought certiorari review of that portion of the order pertaining to punitive damages. By order, this court granted certiorari because the circuit court's ruling permitted the Trustees to seek punitive damages without first moving to amend their complaint to seek those damages.

After the case returned to the circuit court, the Trustees moved to amend their complaint to assert a punitive damages claim, relying largely on the findings within the summary judgment order to provide a reasonable basis for recovery of punitive damages based on intentional misconduct under section 768.72(2)(a), Florida Statutes (2018).

3

### *Sections 817.535 and 768.72, Florida Statutes*

Section 817.535 sets out criminal and civil consequences for filing or directing the filing of false documents or records against real or personal property. Section 817.535(2)(a), Florida Statutes (2018), creates a third-degree felony for unlawful filing of false documents or records against personal property, providing:

> A person who files or directs a filer to file, with the intent to defraud or harass another, any instrument containing a materially false, fictitious, or fraudulent statement or representation that purports to affect an owner's interest in the property described in the instrument commits a felony of the third degree . . . .

Section 817.535(8)(a) fashions a "civil cause of action" in favor of "[a]ny person adversely affected by an instrument filed in the official record which contains a materially false, fictitious, or fraudulent statement or representation . . . ." Section 817.535(8)(b)2. sets forth the damages recoverable in the "civil cause of action" under the statute as follows:

> Upon a finding of intent to defraud or harass, the court or jury **shall award** actual damages and punitive damages, **subject to the criteria in s. 768.72**, to the person adversely affected by the instrument. The court may also levy a civil penalty of $2,500 for each instrument determined to be in violation of subsection (2).

(Emphasis added). This provision expressly makes any award of punitive damages "subject to the criteria in s. 768.72."

Governing the procedure for asserting a claim for punitive damages, section 768.72(1), Florida Statutes (2022), provides in pertinent part:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.

The mandatory criteria in section 768.72(2) required for an *award* of punitive damages is that the trier of fact, "based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."

4

Recently, in *Federal Insurance Co. v. Perlmutter*, 48 Fla. L. Weekly D2320, 2023 WL 8609988 (Fla. 4th DCA December 13, 2023), this court, in an en banc opinion, examined the pleading requirements established by section 768.72. For a plaintiff to be able to amend a complaint to add a claim for punitive damages, we held that a trial court must

> make a preliminary determination of whether a reasonable jury, viewing the totality of proffered evidence in the light most favorable to the movant, could find by clear and convincing evidence that punitive damages are warranted.

2023 WL 8609988 at *6. We held that under section 768.72(1),

> a "reasonable showing by evidence" of "a reasonable basis" for punitive damages means the movant must demonstrate the movant will be able to produce competent, substantial evidence at trial upon which a rational trier of fact could find that the defendant specifically intended to engage in intentional or grossly negligent misconduct that was outrageous and reprehensible enough to merit punishment.

*Id.*

### Discussion

We review de novo the trial court's decision on a motion for leave to amend a complaint to add a punitive damages claim. *Bistline v. Rogers*, 215 So. 3d 607, 610 (Fla. 4th DCA 2017) (citing *Holmes v. Bridgestone/Firestone, Inc.*, 891 So. 2d 1188, 1191 (Fla. 4th DCA 2005)); *see also Grove Isle Ass'n v. Lindzon*, 350 So. 3d 826, 829 (Fla. 3d DCA 2022).

We hold that the plaintiffs failed to make the evidentiary showing required by section 768.72 and *Federal Insurance* before being permitted to amend their complaint to add a claim for punitive damages.

Section 768.72(2)(a), Florida Statutes (2018), defines "intentional misconduct" as meaning "the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." § 768.72(2)(a), Fla. Stat. (2018). Thus, "section 768.72(2) requires an evidentiary showing of specific intent, not general intent, to knowingly engage in wrongful conduct." *Fed. Ins.*, 2023 WL 8609988 at *7. As we

5

said in *Federal Insurance*, to warrant punitive damages, there must be an evidentiary showing that "the defendant had <u>actual knowledge of the wrongfulness of the conduct</u> and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." *Id.* at *7 (quoting § 768.72(1), (2), Fla. Stat. (2013)).

Here, the summary judgment order used as the evidentiary showing does not establish actual knowledge of the wrongfulness of the conduct. Rather, the summary judgment order seems to travel on the notion that the appellant *knew or should have known* he was violating section 817.535, Florida Statutes (2018), by recording the purported equitable lien document. Punitive damages liability based on a "should have known" standard does not meet the specific intent requirement for intentional misconduct as defined in section 768.72(2). Thus, because the summary judgment order relied upon by the appellees does not make a finding of the specific intent to knowingly violate a criminal statute, or state facts to support such a conclusion by implication, the motion to amend was improperly granted.

For the above reasons, we conclude the trial court did not properly perform its gatekeeping function, as discussed in *Federal Insurance*. We reverse the order granting leave to amend the complaint to add a punitive damages claim and remand to the circuit court for further proceedings consistent with this opinion.

*Reversed and remanded.*

GROSS and CONNER, JJ., concur.
WARNER, J., concurs with opinion.

WARNER, J., concurring.

I concur because our court is now bound by *Federal Insurance Co. v. Perlmutter*, 48 Fla. L. Weekly D2320, 2023 WL 8609988 (Fla. 4th DCA December 13, 2023). As noted in my dissent in that case, I disagree with the majority's interpretation of section 768.72.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***