# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

Case No. 6D23-2139
Lower Tribunal No. 2020-CA-006828

————————————————

FLORIDA INVESTMENTS UNLIMITED, INC. d/b/a TEAM STAFFING SERVICES and DEBORAH JONES,

Appellants,

v.

KATHREEN TUMMARELLO, as Personal Representative of the ESTATE OF TINAMARIE SMITH, deceased, and MANHEIM REMARKETING, INC. d/b/a MANHEIM CENTRAL FLORIDA,

Appellees.

————————————————

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Orange County.
A. James Craner, Judge.

March 15, 2024

PER CURIAM.

AFFIRMED.

TRAVER, C.J., and WHITE, J., concur.
NARDELLA, J., dissents, with opinion.

————————————————

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

————————————————

NARDELLA, J., dissenting.

Florida's Legislature created a heightened standard for pleading punitive damages, which Florida's courts are tasked to police. *Hosp. Specialists, P.A. v. Deen*, 373 So. 3d 1283, 1287 (Fla. 5th DCA 2023) ("Once the motion is filed and set for hearing, the trial court is tasked with being a 'gatekeeper' . . . ."). Section 768.72, Florida Statutes, prohibits a plaintiff from pleading a claim for punitive damages unless the plaintiff first makes a "reasonable showing by evidence in the record or proffered by the claimant" of "intentional misconduct" or conduct that is "so reckless or wanting in care that it constitute[s] a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." § 768.72(1), (2), Fla. Stat. (2022). By design, this statutory standard protects defendants from undue financial exposure and abusive discovery, absent an initial evidentiary presentation of conduct so egregious that it deserves society's collective outrage. *See Globe Newspaper Co. v. King*, 658 So. 2d 518, 519 (Fla. 1995) (Section 768.72 "create[d] a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages."); *DeSanto v. Grahn*, 362 So. 3d 247, 248 (Fla. 4th DCA 2023) (per curiam) ("[P]unitive damages are reserved for truly culpable behavior and are intended to 'express society's collective outrage.'"); *Bistline v. Rogers*, 215 So. 3d 607, 611 (Fla. 4th DCA 2017) ("[P]unitive

2

damages are reserved for particular types of behavior which go beyond mere intentional acts."); *Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo*, 357 So. 3d 703, 706 (Fla. 4th DCA 2023) ("Such conduct must be 'so outrageous in character, and so extreme in degree . . . [that] the facts [of the case] to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"); *Manheimer v. Fla. Power & Light Co.*, 48 Fla. L. Weekly D1495 (Fla. 3d DCA Aug. 2, 2023) ("[P]unitive damages are reserved for truly culpable behavior and are intended to 'express society's collective outrage.'"). Because the evidence adduced in this case falls far short of this standard, I dissent.

_____

Carly M. Weiss and Lisette Gonzalez, of Cole, Scott & Kissane, P.A., Miami, for Appellants.

George A. Vaka and Robert C. Hubbard, of Vaka Law Group, Tampa, and Geoffrey T. Moore, of The Maher Law Firm, P.A., Winter Park, and Jacqueline D. Allen, of Bonaquist | Allen, Naples, for Appellee, Kathreen Tummarello, as Personal Representative of the Estate of Tinamarie Smith, deceased.

No Appearance for Appellee, Manheim Remarketing, Inc. d/b/a Manheim Central Florida.