# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1395
Lower Tribunal No. 18-27906
_____

**Ariel Friedler, et al.,**
Appellants,

vs.

**Faena Hotels and Residences, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Brodsky Fotiu-Wojtowicz, PLLC, and Alaina Fotiu-Wojtowicz and Joshua Truppman, for appellants.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez, for appellee.

Before SCALES, LINDSEY, and GORDO, JJ.

PER CURIAM.

Appellants Ariel and Allison Friedler brought a negligence action, in 2018, against appellee Faena Hotels and Residences, LLC ("Faena") after Ariel Friedler was injured in a fall in a spa operated by Faena. On June 23, 2022, the Friedlers filed a motion for leave to amend their complaint to add a claim for punitive damages. The trial court denied the motion and the Friedlers timely appealed this non-final ruling. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(G) and affirm.

An analysis of whether a claim for punitive damages is warranted proceeds from this statutory direction: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2022); see Bistline v. Rogers, 215 So. 3d 607, 609-10 (Fla. 4th DCA 2017). "A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (2022).

In its order on appeal, the trial court found that the Friedlers' evidence did not support their allegation that Faena, as a corporate entity, engaged in intentional misconduct or gross negligence when it authorized the installation

2

throughout the spa of a type of marble that proved slippery. The trial court further found that Faena, as principal, was not liable for punitive damages for the conduct of its employees or agents when the evidence did not show that Faena knowingly participated in or consented to the conduct at issue. See § 768.72(3), Fla. Stat. (2022).

In our *de novo*[1] review, we conclude that the Friedlers' evidence was insufficient to demonstrate that Faena: (i) after receiving the results of friction tests, failed to clean and seal the marble before its installation; or (ii) knew that it had anything more dangerous than the apparently slippery condition of a wet spa floor, a condition it sought to mitigate with a warning and an offer of sandals to each customer. The evidence does not demonstrate that Faena's conduct was so willful or wanton as to warrant the punishment of punitive damages. Punitive damages are reserved for only the most egregious cases. See Manheimer v. Fla. Power & Light, 48 Fla. L. Weekly D1495, 2023 WL 4919540, at *2-3 (Fla. 3d DCA Aug. 2, 2023).[2]

Affirmed.

---

[1] This Court reviews *de novo* whether a party should be allowed to plead a punitive damages claim. Grove Isle Ass'n v. Lindzon, 350 So. 3d 826, 829 (Fla. 3d DCA 2022).

[2] This opinion should not be construed as a comment on the merits of the Friedlers' underlying negligence action.