# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D23-2681
Lower Tribunal No. 2019-CA-003039

_____

TIMOTHY MERCER,

Appellant,

v.

SADDLE CREEK TRANSPORTATION, INC. and CARMEN RIVERA,

Appellees.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Osceola County.
Tom Young, Judge.

June 28, 2024

TRAVER, C.J.

Timothy Mercer appeals the trial court's non-final order granting Carmen Rivera leave to amend her complaint to add punitive damages. We have jurisdiction. *See* Fla. R. App. P. 9.130(a)(3)(G). Because the record does not support a reasonable basis for the recovery of these damages, we reverse.

This case arises from an automobile accident. In pre-dawn hours, Mercer drove his semi-truck down a two-lane highway in rural Osceola County. He struck Rivera from behind, sending her car into the one in front of it. She sued Mercer and his

employer for negligence, and she later sought punitive damages against Mercer. In support, she submitted a proposed amended complaint and Mercer's deposition. She also proffered an electronic version of Mercer's dashcam video, which she alleged showed him using a cell phone in foggy and smoky conditions a few seconds before the crash.

In his deposition, Mercer explained that he had driven down the road often, and its speed limit was 60 miles per hour. Traffic was light. He first saw Rivera when she passed him in an earlier designated passing lane. Mercer's cab gave him a higher vantage point; he sat four or five feet off the ground. Three to five seconds before the crash, Mercer testified that his visibility went from clear to "zero" visibility. Someone had ignited an unannounced and uncontrolled burn, and fog combined with smoke from the fire engulfed the road. Mercer said that he "slowed down, hit the brakes," and saw Rivera's car "a couple of seconds" before he rear-ended it. Mercer did not move his truck off the road because there was no visibility. He would not drive for his employer again; it fired him two days later. Mercer's deposition testimony did not explain why he held a cell phone before the accident; his employer did not produce the dashcam footage until after his deposition, and our record does not reflect a subsequent deposition, interrogatory response, or any other justification for his conduct.

Mercer filed a response to Rivera's proffer. He also referred to the dashcam footage, recorded by a program called "Smart Drive" that not only shows his perspective of the accident, but also synchronized information on time, speed, and whether the brake or clutch were engaged. Unsurprisingly, both parties rely heavily on this video. Mercer also submitted phone records that showed he was not talking, texting, or downloading data in the hours just before the crash.

After a hearing, the trial court granted Rivera's motion. It reasoned that it had watched the dashcam video, and it saw Mercer handling his cell phone—not just holding it in a static position—before the crash. Citing Mercer's "active engagement" with the phone while driving a semi-truck, his speed, the conditions, and federal regulations governing the truck's operation, the trial court concluded a reasonable basis existed for Rivera to seek punitive damages.

We are in the same position as the trial court in our ability to review the evidentiary record. *See Est. of Despain v. Avante Grp., Inc.*, 900 So. 2d 637, 644 (Fla. 5th DCA 2005) ("[W]hen assessing and analyzing record evidence or a proffer, a trial court is in no better position than an appellate court to determine its sufficiency because the trial court is not called upon to evaluate and weigh testimony and evidence based upon its observation of the bearing, demeanor, and credibility of witnesses."). Our review is de novo. *See id.*

"Punitive damages are a form of extraordinary relief for acts and omissions so egregious as to jeopardize not only the particular plaintiff in the lawsuit, but the public as a whole, such that a punishment—not merely compensation—must be imposed to prevent similar conduct in the future." *BDO Seidman, LLP v. Banco Espirito Santo, Int'l*, 38 So. 3d 874, 876 (Fla. 3d DCA 2010). Accordingly, a party may not seek punitive damages "unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2018); *see also* Fla. R. Civ. P. 1.190(f). Mercer can only be liable for punitive damages if a trier of fact finds, by clear and convincing evidence, "that [he] was personally guilty of intentional misconduct or gross negligence." *See* § 768.72(2). Rivera contends Mercer was grossly negligent when he struck her. "'Gross negligence' means that [Mercer's] conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." § 768.72(2)(b).

Trial courts act as gatekeepers during the amendment process, and they should only allow a party to amend its complaint to seek punitive damages if a reasonable basis exists for recovery. *See Bistline v. Rogers*, 215 So. 3d 607, 611 (Fla. 4th DCA 2017). Like the trial court, we view the evidence in the light most favorable to Rivera,

4

but we need not accept her gross misconduct allegations at face value.[1] *See 701 Palafox, LLC v. Scuba Shack, Inc.*, 367 So. 3d 624, 627 (Fla. 1st DCA 2023). As below, we do not weigh evidence or evaluate witness credibility. *See Est. of Despain*, 900 So. 2d at 644; *Fed. Ins. Co. v. Perlmutter*, 376 So. 3d 24, 34 (Fla. 4th DCA 2023).

The dashcam video is nineteen seconds long, and the crash happens right before the ten-second mark. The video begins with Mercer driving 63 miles per hour down a road clearly illuminated by his truck's headlights. The reflection of a cell phone appears on his windshield. Mercer's brake is engaged from the video's beginning until the crash occurs. Four seconds into the video, a shadow that looks like a thumb moves across the top of the phone's screen. At about the same time, the road starts fogging over. By the video's fifth second, the road's center line is barely visible. Mercer begins braking more intensely. At the start of the sixth second, the truck is

---

[1] Our sister courts are divided on the quantum of proof a plaintiff must offer to amend its pleadings to add punitive damages. *Compare Fed. Ins. Co. v. Perlmutter*, 376 So. 3d 24, 34 (Fla. 4th DCA 2023) (holding that trial court must "make a preliminary determination of whether a reasonable jury, viewing the totality of proffered evidence in the light most favorable to the movant, could find by clear and convincing evidence that punitive damages are warranted"), *with Cook v. Fla. Peninsula Ins. Co.*, 371 So. 3d 958, 961–62 (Fla. 5th DCA 2023) (stating that clear and convincing evidence reflects plaintiff's burden at trial, and trial court should decide motion for leave to amend under same standard as whether complaint states cause of action), *and Deaterly v. Jacobson*, 313 So. 3d 798, 801 (Fla. 2d DCA 2021) (reasoning that punitive damages statute "does not mandate that a trial court require a claimant to prove the entitlement to punitive damages by clear and convincing evidence at the pleading stage"). We decline to weigh in on this dispute because the parties have not argued the clear and convincing standard below or on appeal, and Rivera's motion fails both tests.

going 49.5 miles per hour. By the second's end, it moves at 45.5 miles per hour, and Mercer flips over his phone as the headlights of an oncoming car appear suddenly. By the eighth second, Mercer is driving 41 miles per hour, a one-third decrease of his speed in four seconds. At 8.14 seconds, Rivera's brake lights appear. At 8.28 seconds, Mercer engages his clutch. At 9.15 seconds, he hits Rivera's car, which is stopped on the road in front of him. At the time of impact, Mercer is traveling at 34 miles per hour.

The video therefore corroborates the relevant parts of Mercer's deposition. Sudden smoke and fog caused by a fire of which Mercer had no notice obscured a clear road in two seconds. The accident took place slightly more than four seconds later.

Federal regulations forbid commercial truck drivers from using hand-held cell phones except for emergencies. 49 C.F.R. 392.82. Mercer appears to have violated this regulation. But we cannot conclude that the mere use of a cell phone while driving a truck automatically provides a reasonable basis for a plaintiff to seek punitive damages. There must be some additional act that shows the cell phone usage was reckless or a conscious disregard of or indifference to others to show gross negligence under section 768.72(2)(b).

All cell phone use is not equal. *Cf. Gattorno v. Souto*, 49 Fla. L. Weekly D678, D679 (Fla. 3d DCA Mar. 27, 2024) ("We reject Appellants' suggestion that evidence

6

of intoxication [while driving] does not provide the requisite 'reasonable basis' for recovery of punitive damages."). Situations exist where cell phone usage may justify the right to seek punitive damages, but that did not happen here. There is a meaningful difference between the way the dashcam video shows Mercer was using his cell phone while driving as compared to someone who was, say, watching a movie while driving. This is especially true when the dashcam video shows that Mercer reacted immediately to the unexpected change in conditions.

This is a case about negligence. If Rivera proves Mercer or his employer negligently injured her, she may recover compensatory damages to the law's fullest applicable extent. But the record does not demonstrate Mercer's gross negligence, and therefore punitive damages are inappropriate.

REVERSED and REMANDED.

GANNAM, J., and LAMBERT, B.D., Associate Judge, concur.


Hinda Klein, of Conroy Simberg, Hollywood, for Appellant.

Bryan S. Gowdy and Nicholas P. McNamara, of Creed & Gowdy, P.A., Jacksonville, for Appellee, Carmen Rivera.

No Appearance for Appellee, Saddle Creek Transportation, Inc.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED