DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY VALENTINE** and **PAUL BETTENCOURT,**
Appellants,

v.

**ANTHONY IAQUINTO,**
Appellee.

No. 4D2024-3036

[July 16, 2025]

Appeal of a nonfinal order from the County Court for the Nineteenth Judicial Circuit, St. Lucie County; Edmond W. Alonzo, Judge; L.T. Case No. 2023CC003317.

Therese A. Savona of Cole, Scott & Kissane, P.A., Orlando, for appellants.

No appearance for appellee.

PER CURIAM.

The defendants in an action for defamation and intentional infliction of emotional distress appeal an order granting the plaintiff's motion to amend the complaint to plead claims for punitive damages. We reverse because the trial court applied the wrong legal standard and failed to determine whether the plaintiff established a reasonable evidentiary basis for recovery of punitive damages as required by section 768.72, Florida Statutes (2024).

**Background**

Plaintiff Anthony Iaquinto is the former president of the board of directors of a homeowners' association. After Iaquinto resigned, current board members Anthony Valentine and Paul Bettencourt reported to the police that he had mishandled the association's funds during the time he was president and had placed the association in jeopardy with the IRS. Valentine and Bettencourt also published their accusations against Iaquinto on social media and in emails to other board members.

Iaquinto sued Valentine and Bettencourt for defamation and intentional infliction of emotional distress and later moved to amend the complaint to plead claims for punitive damages. Iaquinto alleged that the accusations against him were false, and Valentine and Bettencourt knew they were false because they had been advised by the association's CPA that there were no irregularities in his handling of the association's funds. Iaquinto further alleged that Valentine's and Bettencourt's conduct was reckless and outrageous, that they acted with the specific intent to damage his reputation, and that they knew or should have known he would suffer severe emotional distress as a result.

In response to the motion to amend, Valentine and Bettencourt argued that Iaquinto had failed to proffer clear and convincing evidence of intentional misconduct warranting recovery of punitive damages. Iaquinto argued that he was not required to prove his claims at this stage, and the court should rule based on the allegations in his proposed amended complaint.

The court granted Iaquinto's motion to amend. It cited the general standard for amendments under Florida Rule of Civil Procedure 1.190(e) and said Valentine and Bettencourt were trying to "fast forward to trial" by arguing that Iaquinto had not yet proven his claims.

This appeal followed.

**Analysis**

An order granting a motion for leave to amend the complaint to plead a claim for punitive damages is reviewed de novo. *Fed. Ins. Co. v. Perlmutter*, 376 So. 3d 24, 34 (Fla. 4th DCA 2023) (en banc), *review granted*, No. SC2024-0058, 2024 WL 4948685 (Fla. Dec. 3, 2024).

It is well-established that a party cannot plead a claim for punitive damages unless there is "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2024).

In considering a motion for leave to plead a claim for punitive damages, the trial court must conduct a two-step inquiry. *Vaziri v. Jenkins*, 400 So. 3d 634, 637 (Fla. 4th DCA 2025). First, the court must determine whether the allegations in the proposed amended complaint are sufficient to support the punitive damages claim. *Id.* Second, the court must determine whether the plaintiff has established a reasonable evidentiary basis for recovery of punitive damages consistent with those allegations.

*Id.*; *see also Perlmutter*, 376 So. 3d at 34 (stating the court must determine "whether a reasonable jury, viewing the totality of proffered evidence in the light most favorable to the movant, could find by clear and convincing evidence that punitive damages are warranted").

Here, the trial court erred in applying the general, liberal pleading standard rather than the heightened standard required by section 768.72. *See Holmes v. Bridgestone/Firestone, Inc.*, 891 So. 2d 1188, 1191 (Fla. 4th DCA 2005) ("Punitive damage amendments are different than traditional amendments in that section 768.72 has created a substantive legal right not to be subject to a punitive damage claim until the trial court rules that there is a reasonable evidentiary basis for punitive damages."). The court failed to fulfill its role as a gatekeeper and determine whether the evidence was sufficient to support Iaquinto's allegations of intentional misconduct warranting recovery of punitive damages. *See Vaziri*, 400 So. 3d at 637; *Perlmutter*, 376 So. 3d at 32-34; *see also Bistline v. Rogers*, 215 So. 3d 607, 610 (Fla. 4th DCA 2017) (recognizing that the court must evaluate the sufficiency of the evidence and cannot simply accept the plaintiff's allegations as true).

We therefore reverse the order granting Iaquinto's motion to amend the complaint to plead claims for punitive damages. On remand, the trial court may reconsider the motion under the proper legal standards.

*Reversed and remanded with instructions.*

WARNER, MAY and LEVINE, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***